NEIMAN, APPELLANT, *v.* NEIMAN, APPELLEE.

(No. 7448—Decided April 12, 1982.)

*Mr. Jacob A. Myers,* for appellant Ralph Neiman.

*Mr. Gordon H. Savage,* for appellee Judith Neiman.

SHERER, J. This appeal by Ralph Neiman is from a judgment of the Montgomery County Court of Common Pleas, Division of Domestic Relations, entered July 17, 1981 awarding attorney fees to appellee for legal services in contempt proceedings to enforce the provisions of a separation agreement made a part of the order of court decreeing the dissolution of the marriage of the parties.

The decree was entered on July 1, 1977. The agreement, in Item 5, insofar as pertinent to this appeal provides:

"As an incident of the husband's employment by Penny-Ohlmann, Neiman, Inc., there is approximately $143,000 of life insurance written on the husband's life, which life insurance is over and above that life insurance designed to fund a buy-out of stockholders' interest. The husband agrees to keep said insurance in force and effect and unencumbered and to irrevocably name the wife as sole, primary beneficiary of at least one-half of said life insurance."

The first error assigned is that the trial court erred in finding that the sum of $1,740 was a reasonable fee as it related to the contempt proceeding.

The proceedings of the trial court "related to the contempt proceeding" involved the following motions of appellee: (1) a motion filed October 15, 1979 for an order finding appellant in contempt for failing to obey the trial court's order of July 1, 1977 with respect to Item 5 of the Separation Agreement set forth above, and (2) a motion of appellee filed April 9, 1980 seeking attorney fees incident to enforcement of Item 5 of the agreement.

Appellee's affidavit supporting the first motion recites that appellant represented to her in April 1979 that he did not have $143,000 in insurance in which she was the sole, primary beneficiary for at least one-half thereof.

On June 26, 1980, the trial court reviewed the referee's report, with objections thereto, and the briefs of the parties and rendered its judgment finding ap-

pellant to be in contempt of the court's order with respect to Item 5 in the Separation Agreement.

With respect to Item 5, the court made these findings:

"There is no limitation in the separation agreement as to the period of time that the husband is to keep that insurance in effect. The requirement to keep the insurance in effect is *not* limited to his reaching a certain age, nor to his employment terminating, nor to his retirement— it plainly and unequivocally requires the husband to maintain that insurance in effect and to keep the wife as beneficiary of at least one-half of said life insurance. By his own admission, the respondent *did* maintain the movant as beneficiary of that insurance until June, 1979, when he removed her as beneficiary of that insurance. It may be that at that time that he made his present wife the beneficiary of that insurance. Be that as it may, it was the respondent's removal of the movant as beneficiary of the insurance benefits which brought all these proceedings before this court. When he attempted to restore the movant as beneficiary, he tried to limit her beneficiary status until his retirement. That was not the agreement of the parties.

"* * * It is the judgment of this court that the respondent is in contempt of the prior orders of this court to maintain the movant as beneficiary of one-half of certain life insurance policies as set forth in the parties' separation agreement, made the order of the court by their decree of dissolution of marriage. The respondent is sentenced to ten days confinement in the Montgomery County Jail. That confinement shall be suspended provided that the movant, through counsel for the parties, files written proof of her designation as beneficiary of that insurance without any limitation regarding his retirement. That proof shall be furnished within thirty days of this Decision and Entry."

The court then set the matter of the allowance of counsel fees for hearing on July 10, 1980.

Appellant then appealed to this court from the court's orders. This court affirmed the judgment of the trial court. Thereupon, the court heard appellee's motion for counsel fees and allowed same in the amount of $1,740.

We revert to the appellant's first assignment of error that the trial court erred in allowing said fee. Appellant argues that the trial court's allowance of fees was determined by the time-rate multiplication formula.

In the trial court's decision and entry, the court stated that in determining what is an appropriate amount of attorney fees, time expended is only one factor in determining the reasonableness of such award, citing *In re Wood* (1977), 55 Ohio App. 2d 67 [9 O.O.3d 225], a decision of the Court of Appeals for Franklin County. The court stated that "there is an implied duty on the part of an attorney to keep account of the time involved in a matter under consideration for the determination of his fee." *Id.* at paragraph one of the syllabus.

The Supreme Court, in the case *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 559 [20 O.O.2d 163], stated that the burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value thereof to justify reasonable attorney fees in the amount awarded.

The trial court also considered the case of *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85 [2 O.O.3d 65].

In *Swanson*, the Court of Appeals for Cuyahoga County stated in its syllabus:

"(1) Where there is a conflict in the evidence which would permit reasonable minds to reach different conclusions upon issues of fact, the trier of the fact must be affirmed."

"(3) In determining an award of attorney fees as alimony, the time and labor of the attorney for the prevailing party is only one of the many factors to be given consideration. * * *"

*Swanson* points to the following guidelines for determining reasonable attorney fees, at page 90:

" '(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

" '(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

" '(3) The fee customarily charged in the locality for similar legal services.

" '(4) The amount involved and the results obtained.

" '(5) The time limitations imposed by the client or by the circumstances.

" '(6) The nature and length of the professional relationship with the client.

" '(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

" '(8) Whether the fee is fixed or contingent.' "

The trial court's decision and entry points out expert testimony of an attorney of thirty-two years having a practice of twenty to thirty percent in domestic relations matters who testified that he took into account the professional skill and experience of movant's counsel, time spent on the matter and the substantial nature of the recovered beneficiary status, who testified also that a reasonable fee for the work done by movant's counsel was $1,815.

The appellant argued that the issue which generated this $1,740 fee was "Did Mr. Neiman make Mrs. Neiman the irrevocable beneficiary of certain life insurance policies or did he not? The only complexity involved was. the ancillary question whether Mr. Neiman's obligation to maintain Mrs. Neiman as a beneficiary terminated upon his retirement or whether it continued."

That assertion overlooks appellant's contention in the trial court that it was without jurisdiction of the question of fees. The trial court's decision and the decision of the court on appeal, considered with the entire record before this court in this appeal, indicates that there were difficult issues involving the necessity for research and skill. The effort of movant's counsel was substantial and the result obtained was valuable.

The judgment of the trial court awarding appellee's counsel fees in the sum of $1,740 is supported by competent, credible evidence and we see no merit in appellant's first assignment of error.

The second assignment of error is that the trial court's order granting the fee of $1,740 was improper and an abuse of discretion.

Appellant argues that he signed a change of beneficiary form to the insurance company on December 28, 1979, making appellee the beneficiary of the insurance policies before any contempt action against him. The record discloses that the contempt action with reference to the insurance policies was begun by motion on October 15, 1979.

The trial court's decision and entry on the question of the allowance of the fees stated:

"Respondent attempted to present evidence which, in essence, would have asked the court to rehear the contempt proceeding."

The question of the contempt of appellant was finally adjudicated when this court in case No. CA 6944 affirmed the judgment of the trial court finding appellant to be in contempt. That matter could not be relitigated in the trial court when passing on the fee question and it cannot be relitigated in this court on appeal.

The Ohio Supreme Court in *State, ex rel. Fraternal Order of Police,* v. *Dayton* (1977), 49 Ohio St. 2d 219 [3 O.O.3d 360], held that attorney fees could be allowed in civil contempt proceedings.

The evidence shows that the fee allowed, $1,740, is a reasonable fee for the services of movant's counsel. There was no evidence to the contrary.

Upon the record before us, we see no error of the court in allowing such fees. There is no merit in appellant's second assignment of error.

Finding no error in the proceedings of the trial court, the judgment will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.

SHERER, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.