EVANS, F.K.A. BROWN, APPELLANT, *v.* BROWN, APPELLEE.

98

(No. 85AP-46 — Decided June 25, 1985.)

*Isaac, Brant, Ledman & Becker* and *David H. Meade,* for appellant.

*Twyford & Donahey* and *Robert C. Hetterscheidt,* for appellee.

MOYER, J.   This matter is before us on the appeal of plaintiff, Donna J. Evans, f.n.a. Brown, from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, overruling plaintiff's objections to the recommendation of the referee and finding that certain payments defendant made to his minor child constituted support payments; that plaintiff was not entitled to reimbursement for tuition expenses paid for her minor daughter; and that plaintiff was not entitled to attorney fees and expenses.

Plaintiff asserts the following four assignments of error in support of her appeal:

"1.   The trial court erred as a matter of law in allowing defendant a credit towards his support arrearages for payments made directly to his minor child and not through the bureau of support, as ordered by the divorce decree, and without the consent of plaintiff, the custodial parent.

"2.   The trial court erred as a matter of law in construing the divorce decree of the parties to mean that defendant's tuition obligation matured only if the minor child attended the Ohio State University.

"3.   The decision of the trial court to deny plaintiff a judgment for tuition arrearages lies against the manifest weight of the evidence, for defendant's subsequent payments to his daughter for college expenses ratified her choice of university.

"4.   The trial court erred as a matter of law by refusing to grant plaintiff a reasonable award for attorney's fees incurred in prosecuting this action."

Plaintiff and defendant were divorced by an agreed decree which awarded the parties' minor child, Jocelyn, to plaintiff, and further provided that "* * * defendant, Robert D. Brown, is ordered to pay to the plaintiff for the support of said child the sum of Twenty-five ($25.00) Dollars per week, effective from October 7, 1966, together with the payment of all of the tuition expense to Ohio State University, Columbus, Ohio, for the education of the said minor child, all of which said payments

are to be made through the Cashier's Office of this Court."

The parties stipulated that defendant made no payments either through the cashier's office or to plaintiff directly from May 30, 1975 through July 19, 1978, when Jocelyn reached the age of majority. They further stipulated that the amount of support due under the divorce decree during that period of time is $4,100.

Defendant argues that, instead of making support payments to the cashier's office or to plaintiff directly, he paid Jocelyn for certain expenses she had incurred and that he is entitled to have those payments considered to be support payments. He testified that he bought her clothing; that he gave her money when she requested it to go on trips; that he gave her a total of $200 when she had been robbed and requested money from him; that he went to Boston and gave her some money while she was in school; and that he took her to Puerto Rico. Defendant had no records to prove any of his expenditures or payments to his daughter, and he estimated that said payments and expenditures were somewhere between $2,500 and $4,500. When asked why he had not paid support pursuant to the divorce decree, he stated that he had discussed that matter with his daughter and that he told her he had been denied his visitation rights and that he wanted his relationship with his daughter to be between her and him.

The trial court cited our opinion in *Gartner* v. *Gartner* (July 26, 1984), Franklin App. No. 83AP-847, unreported, in finding that defendant's in-kind support can be considered to offset the obligation of the divorce decree to pay support to plaintiff. In *Gartner* we held that, where a child resides for a prolonged period with the noncustodial parent rather than with the custodial parent, and the noncustodial parent provides support for the child during that time, the custodial parent is not entitled to judgment for a support arrearage for such time as full support was provided by the noncustodial parent. Those are not the facts in this case.

Defendant's testimony indicates that the payments he made to his daughter were primarily for travel and other activities that would not be considered as support. There is no evidence that he paid for her food, tuition, rent, medical expenses or other necessities for which a custodial parent would use support payments. Furthermore, defendant had no records to prove the amount of money he had given to his daughter, and his guess that it was between $2,500 and $4,500 does not support a finding that the payments he made, even if they were considered payments in lieu of support, totaled the amount of the arrearage.

We adopt the view of the courts of foreign jurisdictions which have held that voluntary payments made by a noncustodial parent, where the child is not living with the noncustodial parent, are not to be considered payments in lieu of support where the divorce decree orders that support payments shall be made through the court or directly to the custodial parent. The reasons for such a rule are persuasive. Particularly where the child is not near the age of majority, a parent must be in control of the purchasing of food, clothing and the providing of other necessities to the child. Direct payments to the child thwart that basic and necessary relationship between a minor child and a custodial parent. There is evidence in the record in this case that defendant was making payments directly to his daughter to "get even" with plaintiff for her refusal to grant defendant his visitation rights. Defendant's remedy under those circumstances is to file a proceeding in contempt against plaintiff.

The trial court improperly considered defendant's payments to his

daughter in determining the amount of support defendant owed plaintiff and thereby abused its discretion. The first assignment of error is well-taken and is therefore sustained.

The second and third assignments of error are interrelated and are considered together. At the time the divorce decree was filed, Jocelyn was ten years old and a student at University School, which was operated by the Ohio State University at that time. She attended Simmons College as an undergraduate and plaintiff paid all of her tuition to Simmons. In the trial court, plaintiff sought payment from defendant in the sum of $7,925, which the parties stipulated would have been the tuition at Ohio State University if Jocelyn had attended Ohio State rather than Simmons College. Plaintiff argues that, under the divorce decree, defendant agreed to pay Jocelyn's tuition expense to Ohio State University but that plaintiff, as the custodial parent, had the discretion to choose a different college or permit her daughter to choose a college other than Ohio State to receive her undergraduate degree.

Defendant argues that the language in the divorce decree should be given a narrow construction to the effect that he was required to pay for Jocelyn's tuition only while she attended University School at Ohio State University and that the decree did not contemplate that he would pay any college tuition. The trial court adopted the referee's recommendation and found that, because Jocelyn attended another college than Ohio State University for her undergraduate degree, defendant was not required to pay her college tuition.

The divorce decree does not confine defendant's obligation to pay Jocelyn's tuition to University School at Ohio State University. Both parties were college graduates and it is a reasonable inference that it was anticipated that Jocelyn would continue her formal education following graduation from high school. We therefore hold that the decree imposed upon defendant an obligation to pay for Jocelyn's undergraduate education. We have previously held, in *In re Landis* (1982), 5 Ohio App. 3d 22, that the custodial parent may choose the school to be attended by a minor child and the parent with the obligation to pay tuition must pay said tuition even where a different school is identified in a separation agreement.

The divorce decree in this case should have been construed to mean that defendant was obligated to pay the equivalent of the tuition at Ohio State University for the period of time that Jocelyn attended Simmons College. That amount is stipulated by the parties to be $7,925, and the trial court erred when it did not sustain plaintiff's motion to that extent. The second assignment of error is sustained and the third assignment of error is overruled.

The trial court adopted the referee's recommendation that "[i]n view of the recommendations made on the merits of the motions, an award of attorney's fees and expenses is not warranted." In view of our disposition of the assignments of error, on remand, the trial court should again consider whether the plaintiff's motion for expense money and attorney fees in the sum of $1,813.75 should be sustained. The fourth assignment of error is sustained to this extent.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.