EVANS, APPELLEE, *v.* BROWN, APPELLANT.

(No. 86AP-456 — Decided December 16, 1986.)

*Isaac, Brant, Ledman & Becker* and *David H. Meade,* for appellee.

*Twyford & Donahey* and *Robert C. Hetterschedit,* for appellant.

REILLY, J. Defendant, Robert Dyer Brown, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding plaintiff, Donna Jean Evans, $5,396.25 in attorney fees incurred in collecting child support and college tuition arrearages due plaintiff pursuant to the parties' decree of divorce.

The award of attorney fees resulted after this court in *Evans* v. *Brown* (1985), 23 Ohio App. 3d 97, 23 OBR 163, 491 N.E. 2d 384, remanded this case for a redetermination of attorney fees. This court stated in *Brown*: "[O]n remand, the trial court should again consider whether the plaintiff's motion for expense money and attorney fees in the sum of $1,813.75 should be sustained." *Id.* at 100, 23 OBR at 166, 491 N.E. 2d at 387.

In plaintiff's amended motion for attorney fees incurred in post-decree

proceedings, plaintiff sought an amended sum of $2,965 instead of $1,813.75 because she alleged that the original amount did not reflect time spent at the hearing before the referee and other related services. The amended motion included $2,283.75 in attorney fees for appellate services performed in this court as well as $342.50 for attorney fees in the Supreme Court. In sum, plaintiff sought $5,591.25 for attorney fees.

The referee in his findings disallowed three hours totalling $195 and found that $2,770 in attorney fees was reasonably related to preparing for and attending the hearing before the referee. He also recommended that plaintiff recover in full $2,626.25 in attorney fees incurred for appellate proceedings.

The referee further noted that:

"The crux of the case is that plaintiff was forced to come to Court because defendant failed to meet his obligations and plaintiff has prevailed. There is no reason plaintiff should have to devote a substantial portion of the amounts recovered to her attorney's fees. Otherwise, it would render her efforts meaningless and in effect help to insulate defendant from his legal obligations."

The trial court overruled defendant's objections to the recommendations of the referee, approved the report, and awarded plaintiff attorney fees in the amount of $5,396.25.

Defendant has timely appealed and advances the following assignments of error:

"1. The court erred in awarding attorney fees to the plaintiff in her pursuit of child support arrearages and tuition payments.

"2. The court erred in considering an award of attorney fees in excess of that order to be reconsidered by the Court of Appeals in the amount of One Thousand Eight Hundred Thirteen Dollars and Seventy-Five Cents ($1,813.75)."

Defendant's assignments of error are interrelated and are considered together. This case originates from a divorce decree filed with the trial court in 1968. Defendant maintains that he relied upon a previous ruling of the juvenile court in a Uniform Dependency Action in May 1975 approving "in-kind" payments made directly to his daughter in lieu of child support ordered in the divorce decree. Defendant's reliance is unfounded because the issues in this case were not addressed in the juvenile proceedings. The juvenile court rejected defendant's request for increased child support but did not determine whether an arrearage existed.

Defendant asserts that he also relied upon the August 24, 1984 ruling of the trial court which held that certain payments made to his daughter constituted support payments. The court found that plaintiff was not entitled to reimbursement of college tuition expenses, nor was she entitled to attorney fees and expenses. This court, however, in *Brown, supra,* reversed the trial court and held that plaintiff was entitled to collect arrearages for child support and college tuition.

If defendant had complied with the terms of the divorce decree, it would not have been necessary for plaintiff to bring an action for post-decree enforcement of the terms of the decree. Defendant's assertion that he relied upon the trial court's prior decision and, hence, should not have to assume plaintiff's attorney fees, neglects the fact that defendant was found by this court in *Brown* to have acted in derogation to the orders stated in the divorce decree. Thus, whatever reliance defendant may have placed upon the prior judgments of the juvenile and trial courts is not pertinent to this case.

The issue is whether the trial court

may award attorney fees above plaintiff's original request of $1,813.75, including fees for proceedings before the referee and for work performed involving appellate proceedings. If the trial court was not bound by this amount, a determination is required as to whether an award of $5,396.25 in attorney fees was reasonable.

The court remanded the case to the trial court to determine whether reasonable attorney fees should be awarded. The remand involving whether $1,813.75 should be awarded in attorney fees was not intended to arbitrarily place a cap or limit on the amount of attorney fees which the trial court could reasonably award. This was the amount of attorney fees which was presented to this court by plaintiff. Plaintiff, however, properly amended her motion to include attorney fees for the hearing before the referee and related services. Thus, the award of attorney fees in the amount of $2,270 instead of $1,813.75 originally requested was not inconsistent with this court's opinion in *Brown*.

Defendant also contends that the plaintiff should not recover appellate attorney fees. The Supreme Court in *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92, at 93, 38 O.O. 2d 224, at 225, 223 N.E. 2d 819, at 820-821, addressed the issue of an allowance of attorney fees in post-divorce decree proceedings, as follows:

"* * * Section 3103.03 of the Revised Code recognizes the financial responsibility of a husband to his family in these words:

" 'The husband must support himself, his wife, and his minor children out of his property or by his labor. * * * If he neglects to support, * * * any other person * * * may supply * * * necessaries * * * and recover the reasonable value thereof from the husband. * * *'

"In our opinion, the word, 'necessaries,' appearing in the above statute includes a reasonable allowance for expense money to employ the services of an attorney to prosecute or defend an action in a court concerning the enforcement of the duty of the divorced father — within reasonable limits — to support his minor children. Otherwise, as a practical matter, a divorced father would be insulated from his obligation of support whenever the divorced mother did not have the resources to pay an attorney."

When plaintiff failed to recover past due child support and tuition expenses in the trial court, plaintiff should not be further deterred from applying a good faith meritorious claim. Nonetheless, to find that a divorced spouse must always pay the legal costs in a successful appeal to enforce a former spouse's legal obligations would have that kind of detrimental effect.

A primary reason for awarding attorney fees for trial court proceedings is to ensure that a substantial portion of an award in a post-divorce decree action is not subsequently paid to the meritorious ex-spouse's attorney. Such an outcome would only injure those persons who were intended to receive the support necessary from a post-divorce decree award.

Defendant maintains that since he prevailed in the trial court, any additional attorney fees must be borne by plaintiff. For the court to approve of such a result would only serve to protect a divorced spouse who chooses not to meet his or her legal obligations in situations where the other spouse has limited financial resources. Thus, the referee's statement in his report that the same rationale for awarding attorney fees for trial proceedings is equally applicable to an award of attorney fees and expenses for appellate proceedings is well-taken.

Plaintiff has incurred additional

legal costs in her attempt to enforce defendant's legal obligations. The additional fees would likely be paid from the award of past due child support and tuition expenses if the attorney fees are not awarded to her. See *Cohen v. Cohen* (1983), 8 Ohio App. 3d 109, 8 OBR 143, 456 N.E. 2d 581.

The determinative issue is whether the trial court's award to plaintiff of $5,396.25 in attorney fees was a reasonable amount. An award of attorney fees is within the sound discretion of the trial court and does not require a showing of necessity. See *Rand v. Rand* (1985), 18 Ohio St. 3d 356, 18 OBR 415, 481 N.E. 2d 609. Further, the "* * * trial court's discretion will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable." *Id.* at 359, 18 OBR at 417, 481 N.E. 2d at 612, citing *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

The trial court found that an award of $5,396.25 for attorney fees was reasonable after disallowing three hours which did not relate to the case. The record indicates that the trial court applied the factors set forth in *Neiman v. Neiman* (1982), 7 Ohio App. 3d 172, 7 OBR 218, 454 N.E. 2d 967, to demonstrate that there should be an award of attorney fees and that the amount sought was reasonable.

The evidence in the record supports the amount of attorney fees awarded to plaintiff. Therefore, the trial court did not abuse its discretion in awarding plaintiff attorney fees in the amount of $5,396.25.

For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and McCORMAC, JJ., concur.