## Pontikos v. Pontikos
*[Cite as 4 AOA 280]*

Case No. 56798
Cuyahoga County, (8th)
Decided June 21, 1990

*Larry I. Madorsky, 39 La Place Mall, 2101 Richmond Road, Beachwood, OH 44122, for Plaintiff-Appellee.*

*Philip N. Georgeadis, Weaver, Kolick, Georgeadis & Ernewein Co., L.P.A., 55 Public Square #1350, Cleveland, OH 44113-1993, for Defendant-Appellant.*

J. V. CORRIGAN, P.J.

Appellant, Nick Pontikos, appeals from the trial court's decision which found him in contempt of court on appellee's, Mary Pontikos, motion to show cause. On appeal, appellant raises three assignments of error for our review.

Appellant's first and second assignment of error challenge the trial court's finding of contempt. The court determined that appellant had violated terms of the couple's separation agreement which was reduced to a judgment entry. Specifically, appellant failed to pay a homeowner's insurance premium instanter and failed to return personal property to the couple's son which was in the custody of appellant.

As to the first matter of the homeowner's insurance policy, appellant argues: 1) that he did not intentionally violate the court order; 2) the trial court's finding of damages went beyond the scope of punishment provided in R.C. 2705.05; 3) appellee had a duty to mitigate her damages; 4) an award of compensatory damages was beyond the jurisdiction of the trial court and denied appellant his right to a jury trial; and, 5) that the finding of contempt was contrary to the weight of the evidence.

The second matter involves appellant's failure to return certain property to his son upon terms agreed to in the couple's separation agreement. Appellant argues that he should not have been found to be in contempt of court since the subject items were his property and not given as a gift to his son.

At the outset, it must be noted that appellant's arguments cross over between civil and criminal contempt, and the process, proce-

dures and punishments which may be applied to each. We feel that by making clear what distinctions exist between the two forms of contempt, the disposition of the instant case will be fully explained. Further, "when appellate review of a contempt adjudication entails an inquiry into the weight of the evidence to sustain the judgment, the applicable standard of review turns upon the nature of the contempt decree." *ConTex, Inc.* v. *Consolidated Technologies, Inc.* (1988), 40 Ohio App. 3d 94.

The dispositive factor used to determine the nature of the contempt charged is the purpose and character of the sanction imposed. *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 253. Likewise, contempt is classified as either direct or indirect. *In re Carroll* (1985), 28 Ohio App. 3d 6, 8.

Direct contempt is defined in R.C. 2705.01 as "misbehavior in the presence of or near the court or judge as to obstruct the administration of justice." The court may punish a direct contemnor summarily. *Id.* at 8.

Indirect contempt takes place outside the court's presence, and the court is usually unaware of the act when it occurs. When informed, the court will give notice to the contemnor and set a hearing on the charge in compliance with R.C. 2705.03. Id. R.C. 2705.03 lists acts which constitute indirect contempt and includes:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;

"(B) Misbehavior of an officer of the court in the performance of his official duties, or in his official transactions;

"(C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required;

"(D) The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by him;

"(E) A failure upon the part of a person recognized to appear as a witness in a court to appear in compliance with the terms of his recognizance."

In this case, appellant disobeyed the trial court's September 18, 1986 order which required him to pay the parties' homeowner's insurance instanter. He also failed to return certain property to his son as required under the order. Both acts occurred outside the court's presence and were called to the court's attention by way of appellee's motion to show cause. As such,

appellant's misconduct amounted to indirect contempt as defined in R.C. 2705.03(A).

We now turn to the resolution of whether the proceeding in the trial court was one for civil or criminal contempt.

"Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in civil action for the benefit of the opposing party therein." *Pedone* v. *Pedone* (1983), 11 Ohio App. 3d 164, 165, citing *Beach* v. *Beach* (1955), 99 Ohio App. 428, 431. The absence of willfulness or intent on the part of the party charged does not act as a defense to a charge of civil contempt not does it act as relief from a finding of civil contempt. *Pugh* v. *Pugh* (1984), 15 Ohio St. 3d 136, 140; *Pedone, supra,* at 165; *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55, paragraph three of the syllabus; *McComb* v. *Jacksonville Paper Co.* (1949), 336 U.S. 187, 191.

In the civil context the purpose of the sanction is coercive and intended to force compliance with the order or to compensate the complainant for loss sustained by the contemnor's disobedience. *Pugh, supra,* at 140. See *In re Carroll, supra.* Punishment for civil contempt may be either:

"1) remedial or compensatory in the form of a fine to compensate the complainant for the contemnor's past disobedience; or

"2) coercive and prospective, *i.e.,* designed to aid the complainant by bringing the defendant into compliance with the order, and conditional, wherein confinement may be terminated by the contemnor's adherence to the court's order." *ConTex, Inc., supra,* at 96, citing *Brown, supra;* see, also, *Tucker* v. *Tucker* (1983), 10 Ohio App. 3d 251.

The purpose of criminal contempt sanctions is punitive in nature designed to vindicate the authority of the court, and to punish past acts of disobedience. *ConTex, Inc., supra,* at 95; *Brown, supra,* at 254; *Latrobe Steel Co.* v. *United Steelworkers of America* (C.A. 3, 1976), 545 F.2d 1336, 1343. See, also, *Schrader* v. *Huff* (1983), 8 Ohio App. 3d 111. In cases of criminal, indirect contempt, the intent to defy the court is an essential element. *In re Carroll, supra,* at 10; *East Cleveland* v. *Reed* (1977), 54 Ohio App. 2d 147; *Vegh* v. *Kish* (1964), 8 Ohio App. 2d 127; *Taylor* v. *Holmes* (1954), 96 Ohio App. 181. The penalties imposed on a criminal contemnor are unconditional and may be imposed by absolute fine or by a determine period of confinement. *ConTex, Inc., supra,* at 95-96.

In this case, the appellant was required to pay appellee the sum of $22,500 as compensation for losses sustained as a result of a fire that occurred in her home. Since appellant had failed to pay the couple's homeowner's insurance per prior order of the court, appellee was unable to claim the loss under the expired insurance policy. Appellant was also required to pay $2,500 as compensation for those items of personalty owned by the couple's minor child which appellant neglected to return to him per the prior court order. The court awarded monetary compensation for those items because appellant admitted at the contempt hearing that he had thrown the items away.

Based upon the evidence adduced at the hearing, we conclude that the trial court's finding of contempt was both remedial and coercive. The trial court's sanction compensated appellee for her loss due to appellant's noncompliance with a court order. See *Pugh, supra.* The sanction imposed brought appellant into compliance with the order since it was his neglectful conduct that left appellee unable to find redress for the fire loss. The same can be said for appellant's neglect in returning his child's property. Thus, the proceeding was one for civil contempt.

Appellant's contention that the trial court acted outside its jurisdictional authority in requiring him to compensate appellee for the loss she sustained is without merit. Compensation to a complainant for loss sustained due to the contemnor's violation of a court order is a recognized sanction for civil contempt. *Pugh, supra,* at 140.

Moreover, "[a] court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings." *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, syllabus. The power to punish for contempt is inherent in the courts and exists independently from express constitutional provision or legislative enactment. *Cincinnati* v. *Cincinnati District Council 51* 1973), 35 Ohio St. 2d 197, 202; see *State* v. *Local Union 5760* (1961), 172 Ohio St. 75. See, also *Beach, supra.*

The evidence in the record herein is clear and convincing as to appellant's disregard for a valid court order. See *ConTex, Inc., supra,* at 95. The trial court's order of September 18, 1986, mandated that appellant pay the couple's homeowner's insurance "instanter." At the time the order was issued, the insurance premium was due, and any argument by appellant that he had no notice of the due payment is specious. Appellant additionally argues that the property to be returned to his son was actually appellant's. However, when the prior order was issued upon the agreement that the property be returned to the child, appellant lost any opportunity to challenge that provision of the order.

Therefore, we hold that the trial court did not err in finding appellant in contempt. The award of $22,500 for the fire loss suffered by appellee, as well as the $2,500 for the loss of their son's property, was consistent with the evidence presented at the hearing.

Appellant's first and second assignments of error have no merit and are overruled.

Appellant's third assignment of error challenges the trial court's award of $3,830 to appellee for attorney fees as erroneous. This contention is also without merit.

An award of attorney fees in a post-divorce decree proceeding is within the sound discretion of the trial court. See *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92; *Evans* v. *Brown* (1986), 34 Ohio App. 3d 56. The trial court's decision will not be overruled absent a demonstration that the finding is unreasonable arbitrary or unconscionable. *Rand* v. *Rand* (1985), 18 Ohio St. 3d 356, 359, citing *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219. Moreover, "a trial court has discretion to include reasonable attorney fees as part of costs taxable to a defendant found guilty of civil contempt." *State, ex rel. Fraternal Order of Police* v. *Dayton* (1977), 49 Ohio St. 2d 219, syllabus, citing *Toledo Scale Co.* v. *Computing Scale Co.* (1923), 261 U.S. 399, 426-428.

The record supports the trial court's finding of $3,830 as reasonable amount of attorney fees. *Evans, supra,* at 59. The attorney fee award was based upon evidence and records presented by appellee's counsel as to hours spent on the contempt proceeding. *In re Estate of Verbeck* (1962), 173 Ohio St. 557; *Neiman* v. *Neiman* (1982), 7 Ohio App. 3d 172. See, also, *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85.

Having determined that the attorney fees awarded in the instant case were not excessive or erroneous, we overrule appellant's third assignment of error.

*Judgment affirmed.*

MATIA, J., and NAHRA, J., concur.