OPINION
{¶ 1} This is an appeal from a sentence issued by the Stark County Court of Common Pleas, Domestic Relations Division, for failure to pay child support.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this cause were married on September 7, 1974. Three children were born thereof: Heather, emancipated, date of birth, December 7, 1975, Megan, date of birth, November 2, 1977, and Rachel, date of birth January 24, 1979.
 {¶ 3} On August 29, 1994, by an agreed entry, custody of Rachel was granted to one, Cindy Vidro, without support by Appellant, Case JU86677.
 {¶ 4} A dissolution action resulting in termination of the marriage occurred on July 21, 1995.
 {¶ 5} The Court in such dissolution action was not provided a Uniform Child Custody Jurisdiction Affidavit and Cindy Vidro was not joined as a party.
 {¶ 6} The separation agreement approved by the court included support for Rachel, in addition to Megan.
 {¶ 7} A contempt finding and suspended sentence for non-payment of child support was issued in 1998.
 {¶ 8} In 2004, the Stark County Child Support Enforcement Agency (CSEA) requested imposition of the 1998 suspended sentence.
 {¶ 9} The motion of CSEA was granted on February 2, 2005.
 {¶ 10} The sole Assignment of Error is:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING SENTENCE FOR APPELLANT'S FAILURE TO PAY CHILD SUPPORT BECAUSE THE AWARD WAS VOID FOR FAILURE OF SUBJECT MATTER JURISDICTION."
 {¶ 12} The statute intended to be referenced and since repealed which was in effect during these proceedings was R.C. § 3109.27, not R.C. §3109.04 as Appellant states. It provided in part:
 {¶ 13} "(A) Each party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. In this pleading or affidavit, each party also shall include all of the following information:
 {¶ 14} "(1) Whether the party has participated as a party, a witness, or in any other capacity in any other litigation, in this or any other state, that concerned the allocation, between the parents of the same child, of parental rights and responsibilities for the care of the child and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of the same child;
 {¶ 15} "(2) Whether the party has information of any parenting proceeding concerning the child pending in a court of this or any other state;"
 {¶ 16} "(3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have parenting time rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child;"
 {¶ 17} Revised Code § 3127.53 is of consequence also and it states:
 {¶ 18} "A motion or other request for relief made in a parenting or child custody proceeding or to enforce a parenting or child custody determination that was commenced before the effective date of this section is governed by the law in effect at the time the motion or other request was made.
 {¶ 19} In reviewing the sole Assignment of Error, we find that Appellant relies on R.C. § 3109.27 and the interpretation by the Ohio Supreme Court in Pegan v. Crawmer (1996), 76 Ohio St.3d 97 which was addressed by this court on other grounds. Such case cited the court's prior ruling in Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96. ThePasqualone case also involved significant issues as to the Full Faith and Credit Clause of the United States Constitution as the custody dispute involved Ohio and Illinois.
 {¶ 20} Appellee's brief is based primarily on the contractual nature of the separation agreement between the parties, the lack of appeal previously and absence of a Civ.R. 60(B) motion.
 {¶ 21} As the question is one of subject matter jurisdiction, we find Appellee's arguments, while factual, to be ineffective in regard to such jurisdiction question.
 {¶ 22} There is no doubt that the Ohio Supreme Court in Pegan v.Crawmer, supra, stated specifically:
 {¶ 23} "Each party in parentage proceeding which included custody and visitation determinations was required to file child custody affidavit. R.C. § 3109.27(A).
 {¶ 24} "Requirements that parent bringing action for custody inform court at outset of proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is mandatory jurisdictional requirement of such action. R.C. § 3109.27."
 {¶ 25} A closer examination of such case reveals certain similarities to the case sub judice which affects the conclusion we reach as to this appeal.
 {¶ 26} In Pegan, initially a paternity action, the court had issued certain orders as to support to be paid by Crawmer for their child, Candi.
 {¶ 27} A subsequent change of custody motion was filed by him without the child custody affidavit of R.C. § 3109.27.
 {¶ 28} Notwithstanding the mandatory jurisdiction aspect of such statute, the court found that, without the file on the paternity action, it could not determine if the required affidavit was filed therein. Because of this, the Supreme Court ruled that the court's continuing jurisdiction arising out of the paternity action controlled even though the affidavit was not filed with the change of custody motion. It was incidentally filed with a second change of custody motion, however.
 {¶ 29} This continuing jurisdiction statue of R.C. § 3111.16 was applied.
 {¶ 30} In the instant case, the similarity is that we are not presented with knowledge of whether the R.C. § 3109.27 affidavit was filed in the custody action which involved Cindy Vidro as to Rachel.
 {¶ 31} We therefore must look to the obligation to provide child support and the continuing jurisdiction applicable to the domestic relations court authority in non-paternity actions.
 {¶ 32} In Re: Adoption of McDermitt (1980), 63 Ohio St.2d 301, stated:
 {¶ 33} "Initially, it is noted that appellant, as a parent of a minor, has the common-law duty of support as well as a duty of support decreed by court. The judicial decree of support simply incorporates the common-law duty of support."
 {¶ 34} R.C. § 3105.65 provides in part:
 {¶ 35} "The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation f [sic.] a residential parent and legal custodian of the children, to child support, to parenting time of parents with children, and to visitation for persons who are not the children's parents."
 {¶ 36} We therefore determine that the trial court had continuing jurisdiction to enforce its prior order of contempt in the manner it determined which jurisdiction arose out of Case No. JU 86677 and continued thereafter.
 {¶ 37} This cause is affirmed at Appellant's costs.
Boggins, P.J., Edwards, J., concurred separately, Hoffman, J., concurred separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.