[Cite as *In re Adoption of K.L.M.*, 2015-Ohio-3154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Adoption of | : | |
| K.L.M., | : | No. 15AP-118 |
| | | (Prob. No. 564184) |
| (C.M., | : | |
| | | (ACCELERATED CALENDAR) |
| Appellant). | : | |

———————————

D E C I S I O N

Rendered on August 6, 2015

———————————

*Law Office of Susan Garner Eisenman*, and *Susan Garner Eisenman*, for appellant.

———————————

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

TYACK, J.

{¶ 1} Appellant, C.M., is appealing the decision of the Franklin County Probate Court which found that appellee, A.B., provided maintenance and support pursuant to R.C. 3107.07(A) to the child K.L.M. As a result, the probate court concluded that the consent of appellee had to be obtained before K.L.M. could be adopted. For the following reasons, we reverse the probate court's decision and remand the case.

{¶ 2} Appellant brings four assignments of error for our consideration:

> 1. THE COURT BELOW ERRED IN ITS INTERPRETATION OF R.C. 3107.07(A) AS MATTER OF LAW. THE COURT SUBSTITUTED A NON-STATUTORY "ABANDONMENT" STANDARD FOR THE CLEAR STATUTORY STANDARD OF NON-SUPPORT "FOR ONE YEAR IMMEDIATELY PRECEDING THE FILLING OF THE PETITION" STANDARD OR R.C. 3107.07(A).

2. THE COURT BELOW ERRED IN FINDING THAT THE BIRTHMOTHER SUPPORTED THE CHILD "AS REQUIRED BY LAW." THE BIRTHMOTHER TESTIFIED THAT THE GIFTS TO THE CHILD WERE NOT INTENDED AS SUPPORT. THESE GIFTS AND EXPENSES WERE NOT REQUIRED BY LAW.

3. THE COURT BELOW ERRED AS A MATTER OF LAW IN REQUIRING THE PETITIONER TO ESTABLISH A "DEFINITIVE" AMOUNT OF SPENDING MONEY GIFTS TO THE CHILD AS PART OF HER BURDEN OF PROOF OF NON-SUPPORT. SPENDING MONEY GIFTS ARE NOT SUPPORT. THE DE MINIMUS [sic] NATURE OF THE GIFTS WAS ESTABLISHED AS LESS THAN $143.00 PER MOTHER'S TESTIMONY. THE EXACT AMOUNT IS IRRELEVANT.

4. THE COURT BELOW MADE FINDINGS OF FACT WHICH IT DEEMED RELEVANT WHICH WERE OUTSIDE THE STATUTORY PERIOD, ERRONEOUS FACTUALLY, AND INVOLVED GIFTS GIVEN BY FRIENDS AND FAMILY MEMBERS. THESE FINDINGS WERE IRRELEVANT AND/OR IN ERROR. THE FACTS DO NOT SUPPORT THE TRIAL COURT'S DECISION.

{¶ 3} Appellant petitioned to adopt the minor child K.L.M. on December 3, 2013. The child was born to appellee A.B. The petition for adoption alleged that both the birthfather and birthmother's consent to the adoption was not necessary due to the provisions of R.C. 3107.07, which reads:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 4} After a hearing, the probate court's magistrate found, pursuant to R.C. 3107.07(A), that the birthfather's consent was not required as he failed to support the

child for one year proceding the filing of the petition for adoption.  The magistrate found that the birthmother did support the child and provided more than de minimis contact. Therefore appellee's consent was required.  Petitioner objected to the magistrate's decision, arguing that the items and money appellee provided were of de minimis value and constituted gifts but not support as required by R.C. 3107.07.

{¶ 5}  The probate court conducted a hearing and agreed with the magistrate, finding that the consent of appellee was required.  The probate court's findings of fact also stated: that petitioner has legal custody of the child through the Franklin County Juvenile Court, case No. 06JU-3846, and had legal custody for the year preceding the petition; appellee was employed and earned an hourly income of $9.20 plus bonuses; petitioner has sought support for the child through the Bureau of Support on three occasions, but the bureau has failed to issue a support order; appellee visited the child regularly in the first six months during the one-year period before the filing of the petition; and that appellee purchased school supplies, bought birthday and Christmas gifts, and provided meals and some spending money to the child during her visits in the year preceding the filing of the petition.  Petitioner timely filed an objection to the probate court's decision.

{¶ 6}  We note at the onset of our analysis the well-established law that the right to parent one's children is a fundamental right.  *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 28.  Parents have a "fundamental liberty interest" in the care, custody, and management of the child.  *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).  In recognition of the significance of that fundamental interest, the Supreme Court of Ohio has described the permanent termination of parental rights as "the family law equivalent of the death penalty in a criminal case."  *In re Hayes*, 79 Ohio St.3d 46, 48 (1997).  Therefore, parents "must be afforded every procedural and substantive protection the law allows."  *Id.*  In regard to the permanent termination of parental rights specific to the context of adoptions, as a general rule, the biological parent must consent and may withhold consent to adoption.  R.C. 3107.06; *see also In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, ¶ 6 (stating "[b]ecause adoption terminates fundamental rights of the natural parents, ' "* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect

the right of natural parents to raise and nurture their children" ' "). *In re Adoption of Masa*, 23 Ohio St.3d 163, 164 (1986), quoting *Santosky*.

{¶ 7} Petitioner argues in the first and second assignments of error that the probate court did not properly apply R.C. 3107.07(A). Petitioner submits that the birthday and Christmas presents, other gifts, spending money, and meals during visits appellee gave to the child do not constitute maintenance and support.

{¶ 8} The Supreme Court of Ohio has articulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A). *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23. The first step involves the factual question of whether the petitioner has proved by clear and convincing evidence that the parent willfully failed to have more than de minimis contact with the minor child or failed to provide maintenance and support. *Id.* at ¶ 21; R.C. 3107.07(A). "A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision." *Id.* at ¶ 25. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} The second step occurs if a probate court finds a failure to have more than de minimis contact or provide the required maintenance and support. The court then determines the issue of whether there is justifiable cause for the failure. *In re Adoption of M.B.* at ¶ 23. When a non-consenting parent fails to present any evidence of justification for non-support, then the adopting parents only have the burden of proving failure to support. *In re Adoption of Masa* at 167. A probate court's decision on whether justifiable cause exists will not be disturbed on appeal unless the determination is against the manifest weight of the evidence. *In re Adoption of M.B.* at ¶ 24; *In re Adoption of Masa* at paragraph two of the syllabus. The consent provisions of R.C. 3107.07(A) are to be strictly construed to protect the interests of the non-consenting parent. *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127 (1992).

{¶ 10} Examining the nature of the duty of support and maintenance to which R.C. 3107.07 refers, Ohio has long recognized that a biological parent's duty to support his or her children is a "principle of natural law" that is "fundamental in our society." *In re*

*Adoption of B.M.S.*, 10th Dist. No. 07AP-236, 2007-Ohio-5966; *Aharoni v. Michael*, 74 Ohio App.3d 260, 263 (10th Dist.1991). Moreover, this duty is not impaired by the termination of the marriage. *Pretzinger v. Pretzinger*, 45 Ohio St. 452, 458 (1887), paragraph one of the syllabus.

{¶ 11} "The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." R.C. 3103.03(A).

{¶ 12} "Such duty of support is not dependent upon the presence or absence of court orders for support." *B.M.S.* at ¶ 23; *Nokes v. Nokes*, 47 Ohio St.2d 1 (1976). "[A] parent of a minor, has the common-law duty of support as well as a duty of support decreed by court. The judicial decree of support simply incorporates the common-law duty of support." *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 305 (1980). Such duty of support is not dependent upon the presence or absence of court orders for support. *Nokes* at 5; *B.M.S.* at ¶ 23 (Consent was not found to be necessary after the biological father was found to not have paid court ordered child support and showed no financial reason for failing to do so).

{¶ 13} Voluntary payments made by a noncustodial parent to a child should not be considered payments in lieu of support. *See Evans v. Brown*, 23 Ohio App.3d 97, 99 (10th Dist.1985). The reasons for such a rule are persuasive. "Particularly where the child is not near the age of majority, a parent must be in control of the purchasing of food, clothing and the providing of other necessities to the child. Direct payments to the child thwart that basic and necessary relationship between a minor child and a custodial parent." *Id.* The "common law duty of support is owed to a person who has the physical custody of the child or children as long as that physical custody is not in contravention of the rights of anyone who may have legal custody of the child." *Burrowbridge v. Burrowbridge*, 5th Dist. No. 2005CA00049, 2005-Ohio-6303, ¶ 39, concurring opinion.

{¶ 14} Parents of a minor child may not unilaterally or bilaterally decide to ignore the obligation of support. *In re England*, 10th Dist. No. 92AP-1749 (May 18, 1993). "[A] written agreement between the parents cannot abrogate a parent's independent statutory duty to provide support for the child." *Hoelscher v. Hoelscher*, 91 Ohio St.3d 500, 502 (2001), citing *In re Dissolution of Marriage of Lazor*, 59 Ohio St.3d 201 (1991).

{¶ 15} We now examine if the actions, which occurred or the gifts and money given by appellee constitute maintenance and support. Black's Law Dictionary 1039 (9th Ed.2009), defines "maintenance" as "[f]inancial support given by one person to another" and "support" as "[s]ustenance or maintenance; esp., articles such as food and clothing that allow one to live in the degree of comfort to which one is accustomed." *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 20. Maintenance and support, in the adoption context, do not simply refer to child support payments or other monetary contributions. *In re Adoption of McNutt*, 134 Ohio App.3d 822, 829 (4th Dist.1999). Maintenance and support, "may mean any type of aid to feed, clothe, shelter, or educate the child; provide for health, recreation, travel expenses; or provide for any other need of the child. * * * Supplying shoes, diapers, or any other clothing can constitute support and maintenance." *In re Adoptions of Groh*, 153 Ohio App.3d 414, 424 (7th Dist.2003), citing *McNutt.*

{¶ 16} De minimis monetary gifts from a parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. To decide otherwise would render the phrase "as required by law or judicial decree" meaningless. *In re Adoption of M.B.* at ¶ 20 (Christmas and birthday gift totaling $185 are de minimis gifts and not maintenance and support as required by law or judicial decree). We have continually held that "supplying gifts and other nonessential items is not considered support or maintenance for purposes of R.C. 3107.07(A)." *In re Adoption of K.A.H.*, 10th Dist. No. 14AP-831, 2015-Ohio-1971, ¶ 22 (non-consenting parent had sent an undetermined number of cards and gifts); *In re Adoption of B.M.S.* at ¶ 30 (non-consenting parent provided only toys and food during visitations when the children were already being afforded these, and were being sufficiently supported).

> In an action for adoption where it is alleged that the natural father willfully abandoned or failed to care for and support his daughter, his purchase of toys and clothes for her in the value of about $133 is insufficient to fulfill his duty of support where the gifts to the child are not requested and they provide her no real value of support because she already has sufficient clothes and toys.

*In re Adoption of Strawser*, 36 Ohio App.3d 232 (10th Dist.1987), paragraph one of the syllabus. Contributions which are of no value to the child generally do not qualify as maintenance and support. *In re B.M.S.* at ¶ 33. For example, where a parent places the child on his health insurance plan, but does not inform the custodial parents of the coverage, the contribution does not constitute maintenance and support. *In re Adoption of Knight*, 97 Ohio App.3d 670, 672 (10th Dist. 1994). The " 'duty of support of his minor children extends only to "necessaries." ' " *In re B.M.S.* at ¶ 33, quoting *In re Manley*, 2d Dist. No. 18946 (Dec. 14, 2001).

{¶ 17} The probate court in this case incorrectly applied R.C. 3107.07(A) finding that gifts, meals, and money provided to the child constituted maintenance and support. The court incorrectly stated the law that, "a parent has a duty to support their children and * * * the correct inquiry is not whether the parent supported as that is expected, but rather, whether a parent's failure to support is without justifiable cause so as to effectively rise to abandonment. This is the correct spirit and application of R.C. 3107.07(A)." (R. 49, Judgment Entry page 8.) The law is very clear and reiterated above, that it must be proved by clear and convincing evidence that "[a] parent of a minor * * * failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree." R.C. 3107.07(A). There is common law duty to support that either must be met, incorporated in judicial decree, or have justifiable cause why it cannot be met in order to defeat an R.C. 3107.07(A) allegation that consent is not required to adopt. *See In re M.B.*; *see generally In re B.M.S.*

{¶ 18} The lower court also incorrectly applies the law stating, "[w]hile the gifts may not constitute support in and of themselves, they along with [appellee]'s visitation with her [child] and provision of some monetary support do provide evidence that the petitioner has not met her burden of proof." (R. 49, Judgment Entry, 8-9.) This probate court decision is unreasonable as it clearly merges separate questions of contact and support into one issue. The question of whether a parent has met her burden of providing de minimis contact *or* maintenance and support must be able to stand on its own. An abundance of one cannot cure a deficiency in the other.

{¶ 19} Further, gifts by other members of appellee's family are gratuitously made by the donor and cannot fulfill appellee's obligation of support. *In re M.B.* at ¶ 27. It was improper for the probate court to consider such gifts in its decision. "[A.B.'s] family members also provided Christmas and birthday gifts to [the child] during the one year period immediately preceding the filing of the adoption petition." (R. 49, Judgment Entry, 4.) These gifts can not be considered as support under R.C. 3107.07.

{¶ 20} The probate court found that appellee purchased school supplies, birthday and Christmas gifts, provided meals and spending during visitation periods and gave money for the child to participate in activities during the visitation. (R. 49, Judgment Entry, 3.) Taking this fact and examining the record and transcript, we find that appellee only gave de minimis monetary gifts, or non-essential items. Appellee paid for some school supplies, bought a pair of shoes and some clothes that the child received at Christmas. Appellee also gave Christmas and birthday cards with money. Petitioner stated that the child already had shoes and did not really wear the ones appellee purchased. Petitioner also had requested help in purchasing a musical instrument for the child but ended up buying the instrument without assistance. We note that in the first half of the one-year period, appellee had regular visits in which appellee would provide a meal. There were about seven or eight visits during the one-year period at which the child received small amounts of spending money. Appellee stated that his money was intended to be spending money for the child. The highest estimates would put the monetary value of these gifts below $300 for both the items the child took with them from appellee's home and the total of the spending money.

{¶ 21} Reviewing the record, appellee has not presented any evidence of justification for non-support. When a non-consenting parent fails to present any evidence of justification for non-support, then the adopting parents only have the burden of proving failure to support. *In re Adoption of Masa.* Thus, we do only examine whether appellee failed to support the child.

{¶ 22} It is clear that the majority of the gifts were meant as gifts for the child for the child's enjoyment and not as support. The remaining items of some clothes and possibly school supplies are de minimis and of such small value that they cannot be seen as providing for the maintenance and support of the child, especially when it is clear the

child already had sufficient clothes and toys.  The probate court abused its direction in coming to its decision.  We find that petitioner, C.M., has proved by clear and convincing evidence that appellee, A.B., has failed without justifiable cause to provide for the maintenance and support of the child, K.L.M., as required by law.

{¶ 23} The first and second assignments of error are sustained, and the third and fourth assignments of error are rendered moot by our findings above.

{¶ 24} We therefore reverse the probate court's decision and remand this case for further proceedings.

*Judgment reversed and remanded*
*for further proceedings.*

KLATT and LUPER SCHUSTER, JJ., concur.