LAKE COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant,

v.

ADAMS, Appellee.

[Cite as *Lake Cty. Dept. of Human Serv. v. Adams* (1992), 82 Ohio App.3d 494.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–167.

Decided Sept. 21, 1992.

*Steven C. LaTourette*, Lake County Prosecuting Attorney, and *Kenneth J. Cahill*, Assistant Prosecuting Attorney, for appellant.

*Gregory W. Klucher*, for appellee.

JOSEPH E. MAHONEY, Judge.

It is apparent that appellee, Harold Dwayne Adams, was granted an absolute divorce from Sheila Louise Adams by the Lake County Common Pleas Court, Domestic Relations Division, in 1979. Appellee was granted care, custody, and control of their minor son, Harold D. Adams, Jr., until further order of the court. No child support was ordered.

On September 8, 1989, appellee's mother, Minnie E. Adams, was appointed guardian of her grandson, Harold D. Adams, Jr., by the Lake County Common Pleas Court, Probate Division. Said guardianship was agreed to by appellee, since he was unable to adequately provide for his son.

Since November 1, 1989, appellant, Lake County Department of Human Services, has provided funds to Minnie E. Adams in the form of Aid for Dependent Children ("ADC").

On December 27, 1990, appellant filed a complaint against appellee to establish a child support order and an order for reimbursement of the ADC

funds paid to Minnie E. Adams in the Lake County Common Pleas Court, Juvenile Division. The juvenile court dismissed the complaint on May 8, 1991 for lack of jurisdiction. The judgment entry stated that the child was a ward of Lake County Probate Court.

On August 14, 1991, appellant filed a similar complaint in the Probate Division of Lake County Common Pleas Court. Subsequently, that complaint was also dismissed for lack of jurisdiction. The probate court suggested that the juvenile court was the proper forum for this issue to be raised.

On August 20, 1991, appellant filed a motion for relief from judgment in the Juvenile Division of the Lake County Common Pleas Court. Said motion was overruled on November 14, 1991.

Appellant timely filed a notice of appeal from that decision and assigns as error the improper denial of its motion for relief from judgment.

Appellant's complaint was based on R.C. 3103.03(A), which provides, in pertinent part:

" * * * The biological or adoptive parent of a minor child must support his or her minor children out of his or her property or by his or her labor."

Appellant's original complaint was brought pursuant to R.C. 2151.23(B)(4), which provides that the juvenile court has original jurisdiction "to hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state."

Appellee claims that the juvenile court has no jurisdiction to hear appellant's complaint because the child is the ward of the probate court due to the guardianship that was established by the probate court. Appellant counters that the present action will in no way affect the guardianship as it is not interested in changing custody or visitation rights, nor is it in any way touching the guardianship, and, therefore, the juvenile court has jurisdiction to hear the matter.

This appears to be a case of first impression in Ohio, as neither this court nor either party has been able to find any authority on point. The trial court relied on the definition of "ward" as it is found in Black's Law Dictionary (6 Ed.1990) 1583, wherein it states:

"A person, especially a child, or incompetent, placed by the court under the care and supervision of a guardian or conservator."

The trial court's reasoning is sound in that the minor child would seem to be a ward of the probate court as the term "ward" is defined by Black's Law Dictionary. Therefore, the juvenile court did not have jurisdiction to determine the matter filed by appellant.

Appellant's sole assignment of error is without merit.

In deciding this case, it has become apparent to this court that the probate code does not specifically grant the probate court the right to set support in a guardianship situation. The void in this area of the law is a matter better addressed by the state legislature than by the judiciary. We suggest that the legislature fill this void in a manner it deems most appropriate.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and BASINGER, J., concur.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.