Plaintiff-appellant appeals the juvenile court's ruling allocating past due child support from the father of her child. The child is now in permanent county custody, and the only amounts in dispute are the arrearages from the time before the child was in permanent custody of the county.
The child, Gabriel, was the subject of a permanent custody case in this court, In Matter of Gabriel Hart, No. 71783, Apr. 16, 1998, unreported. Before she was placed in permanent custody, Gabriel was frequently in temporary county custody for the same reasons that the county took permanent custody: her mother often failed to follow her case plan, including failing to take her medications for her schizophrenia.
In the case at bar, mother is seeking back child support from father. The parties agreed to a settlement in front of the magistrate: four thousand, four hundred thirty-six dollars and eighty-nine cents ($4,436.89) for the mother, and six thousand five hundred forty-nine dollars and ninety-eight cents ($6,549.98) for the Department of Human Services. (Tr. at 1.) However, mother objected to the magistrate's report, which restated this agreement. After the report was adopted by the court, mother timely appealed.
For her sole assignment of error, mother states
 THE CUYAHOGA COUNTY JUVENILE COURT DID NOT HAVE ORIGINAL JURISDICTION TO HEAR APPELLANT'S COMPLAINT FOR BACK CHILD SUPPORT BECAUSE THE CHILD WAS THE WARD OF STATE AT THE TIME OF THE HEARING.
Appellant claims that the juvenile court did not have jurisdiction to hear the child support action because, at the time the action was heard, Gabriel was already a ward of the county. Appellant relies on R.C.2151.23(B)(4), but misquotes this section. She claims that the statute reads:
 (B) The juvenile court has original jurisdiction under the Revised Code:
* * *
 (4) To hear and determine an application for an order for support of any child, if the child is not a ward of the state; (Emphasis added by appellant.)
The correct reading of the statute is:
 (B) The juvenile court has original jurisdiction under the Revised Code:
 (4) To hear and determine an application for an order for the support of any child if the child is not a ward of another court of this state. (Emphasis added.)
The omission of the clause "of another court" significantly changes the meaning of the statute. The statute as actually written prevents one court from interfering with the jurisdiction of another Ohio court of which the child is already a ward. The statute does not deny jurisdiction to any court merely because a child has been made a ward of the state. In the case at bar, Gabriel's custody issues have always been under the jurisdiction of the juvenile court, which is the same court holding the support hearing. Thus this statute actually confirms that the juvenile court has jurisdiction over this issue.
Appellant again misstates when she cites In re Torok (1954),161 Ohio St. 585. She claims that the Court in its syllabus "reiterated the idea that juvenile court has original jurisdiction for matters where the child is not a ward of the state." (Appellant's brief at 3). The syllabus actually reads
 1. Under the provisions of Section 1639-16, General Code (Section 2151.23, Revised Code), the Juvenile Court is invested with original jurisdiction to determine the custody of any child not a ward of another court. [Emphasis added.]
Again, Gabriel is a ward of the juvenile court and has never been in the custody of any other court. Therefore, none of the law cited by appellant prevents the court from deciding this child support issue.
Appellant relies on Lake Cty. Dept. of Human Serv. v. Adams (1992),82 Ohio App.3d 494, to support her argument. The facts in Adams differ from this case, however, in that the child in Adams was in the custody of the grandmother and that custody had been awarded by the probate court. The appeals court held that the juvenile court did not have jurisdiction to hear a case concerning the child because probate court had prior jurisdiction. In the case at bar, the juvenile court has had jurisdiction over Gabriel from the beginning of her involvement with the county. Appellant's assignment of error is not well taken.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and
JAMES M. PORTER, J., CONCUR.
 _____________________ DIANE KARPINSKI PRESIDING JUDGE