OPINION
{¶ 1} Appellant John Dazey appeals the dismissal of his complaint seeking child support in the Stark County Court of Common Pleas, Juvenile Division. The relevant facts leading to this appeal are as follows.
 {¶ 2} In June 1994, pursuant to an order from the Juvenile Court of Madison County, Ohio, appellant was legally established as the father of John Dazey, Jr., born in 1989. The Madison County Juvenile Court at that time also designated appellee, the child's mother, as the residential parent and ordered appellant to pay child support of $275.92 per month.
 {¶ 3} On May 5, 2006, appellant, with the assistance of the Stark County Child Support Enforcement Agency ("SCCSEA"), filed a child support complaint in the Juvenile Division of the Stark County Court of Common Pleas, alleging that he was a resident of Stark County and a legal parent and the custodian of John, Jr.[1] On August 16, 2005, appellee filed a motion to dismiss the complaint, asserting that Madison County was the proper forum for the child's support issues. A pre-trial hearing was conducted on September 9, 2005, leading to the appointment of a guardian ad litem.
 {¶ 4} The matter proceeded to a scheduled hearing before a magistrate on November 2, 2005. The magistrate issued a decision on November 4, 2005. He therein concluded that appellant had standing to bring his support action, and that the Stark County Court of Common Pleas, Juvenile Division, had subject matter jurisdiction. The magistrate further ruled, inter alia, that appellee should pay child support court of $50.00 per month, finding she was currently unemployed.
 {¶ 5} Appellee thereafter timely filed an objection to the decision of the magistrate. Following a hearing, the trial court granted the objection, finding Madison County to be the "proper venue." Judgment Entry, February 3, 2006, at 1. The trial court thus dismissed appellant's complaint. Id.
 {¶ 6} On March 6, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE APPELLANT'S COMPLAINT FOR CHILD SUPPORT.
 I. {¶ 8} In his sole Assignment of Error, appellant challenges the trial court's dismissal of his support complaint regarding John, Jr.
 {¶ 9} As an initial matter, we must address our standard of review. In Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. However, the issue of a court's jurisdiction, the specific question in the case sub judice, presents an issue of law. See, e.g., State v. Spezzalli (Sept. 25, 1998), Clark App. No. 97-CA-0127. An appellate court reviews such legal determinations de novo without any deference to the conclusion of the trial court. See McClure v. McClure (1997),119 Ohio App.3d 76, 79, 694 N.E.2d 515, 517, citing Burns v.Daily (1996), 114 Ohio App.3d 693, 683 N.E.2d 1164. Therefore, although appellant presently posits his argument in the category of abuse of discretion, we will review the question before us on a de novo basis.
 {¶ 10} R.C. 2151.23(B)(4) states that the juvenile court has jurisdiction "[t]o hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state." A definition of "ward of court" is found in Juv.R. 2(QQ), simply meaning "a child over whom the court assumes continuing jurisdiction." However, in Lake Cty.Dept. of Human Serv. v. Adams (1992), 82 Ohio App.3d 494, 496,612 N.E.2d 766, the court relied on the more restricted definition of "ward" as set forth in Black's Law Dictionary (6 Ed. 1990) 1583: "A person, especially a child, or incompetent, placed by the court under the care and supervision of a guardian or conservator." By that definition, John Dazey, Jr. would not be classified as a "ward" of the Madison County Juvenile Court such that Stark County would immediately lack jurisdiction. See, also,In re: Poling, 64 Ohio St.3d 211, 214, 1992-Ohio-144.
 {¶ 11} In addition, R.C. 2151.231 states: "The parent, guardian, or custodian of a child, the person with whom a child resides, or the child support enforcement agency of the county in which the child, parent, guardian, or custodian of the child resides may bring an action in a juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child * * *." In the case sub judice, appellant apparently obtained physical custody of the child without a modification of the parental rights orders in Madison County. However, R.C. 2151.231 does not state that a juvenile court can only order support to someone who has valid legal custody. SeeBurrowbridge v. Burrowbridge, Stark App. No. 2005CA00049,2005-Ohio-6303, ¶ 42, Edwards, J., concurring.
 {¶ 12} Therefore, the magistrate's initial conclusions, that there exists both statutory standing and jurisdiction for appellant's child support action Stark County Juvenile Court, appear to be correct. Furthermore, SCCSEA was acting in good faith in filing the action, particularly where this father had applied for public assistance. Yet there is no dispute that Madison County's 1994 support order remains in effect, which means this case boils down to a question of concurrent jurisdiction. The general rule to resolve conflict among two courts with concurrent jurisdiction over a matter is that the court whose power is first invoked acquires exclusive jurisdiction. Acceptance Ins. Co. v. Sudbury, Inc. (Dec. 11, 1997), Cuyahoga App. No. 72571, citing State ex rel. Phillips v.Polcar (1977), 50 Ohio St.2d 279, 364 N.E.2d 33, syllabus. Such a rule "* * * expresses important policy designed to preserve judicial resources and prevent duplicative or piecemeal litigation." Id., quoting Glidden v. HM Holdings, Inc. (1996),109 Ohio App.3d 721, 725, 672 N.E.2d 1108.
 {¶ 13} Accordingly, we hold the Stark County Juvenile Court did not err in overturning the magistrate's decision and dismissing appellant's child support complaint based on the existence of the earlier order from Madison County. Stark County, Case No. 2006 CA 00064
 {¶ 14} Appellant's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Boggins, J., concurs., Hoffman, J., concurs separately.
[1] We note appellant, in his affidavit in support of the Stark County child support complaint, averred "[t]here are no current Orders in this or any other court pertaining to the support and maintenance and medical care of [John Dazey, Jr.]." However, appellant presently assures us that the original Madison County support order has remained in existence. See Appellant's Brief at 3.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs to appellant.