[Cite as *Neidert v. Neidert*, 2014-Ohio-4369.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| MICHAEL NEIDERT, ET AL | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2013CA00248 |
| JOSEPH NEIDERT | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2013JCV00205

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     September 30, 2014


APPEARANCES:

For Plaintiffs-Appellees     For Defendant-Appellant

KIMBERLY CHANEY-HOPWOOD     JAMES BROWN
SCJFS     One Cascade Plaza, Ste 2210
100 Central Plaza South     Akron, OH 44308
Canton, OH 44720

*Gwin, P.J.*

{¶1} Appellant appeals the August 16, 2013 judgment entry of the Stark County Court of Common Pleas, Juvenile Division, overruling appellant's objections to and adopting the magistrate's decision.

*Facts & Procedural History*

{¶2} On March 1, 2013, appellee Stark County Department of Job and Family Services ("SCDJFS") filed a complaint for child support on behalf of Michael and Carmen Neidert, appellees and legal custodians of a minor child, C.N. Appellant Joseph Neidert is the father of C.N. and the son of Michael Neidert.

{¶3} On April 2, 2013, the trial court held a hearing on appellees' complaint. The hearing was continued to May 2, 2013 at the request of the parties and because appellant sought to obtain legal counsel. Appellant did not appear for the May 2, 2013 hearing. Accordingly, the magistrate issued an order for child support and insurance for C.N. A child support worksheet was completed and attached to the judgment entry. Appellant filed objections to the magistrate's decision.

{¶4} The trial court held a hearing on August 15, 2013 on appellant's objections. Appellant argued that, pursuant to the jurisdictional priority rule, Summit County has jurisdiction over this matter because the Summit County Court of Common Pleas, Domestic Relations Division, issued a judgment entry on April 21, 2010 appointing Michael and Carmen Neidert the legal custodians of C.N. Further, that appellant filed a motion for reallocation of parental rights and responsibilities in Summit County on March 30, 2012. Appellees argued that, pursuant to R.C. 3111.29, a custodian may file a complaint in the juvenile court of the county in which the child or

legal custodian resides and thus, Stark County is the appropriate county for filing a complaint for child support.  Also, that nothing in Summit County was pled, negotiated, or addressed with regards to child support and thus the jurisdictional priority rule does not apply because the Stark County order does not affect or interfere with the Summit County case.   Appellees noted that if appellant is granted custody of C.N. in Summit County, the child support order in Stark County would immediately terminate.

{¶5}   The trial court issued a judgment entry on August 16, 2013, finding that, despite the action pending in Summit County, Stark County has concurrent jurisdiction to make an order of child support, given that the child is a resident of Stark County and Summit County has not previously addressed the issue of child support.  The trial court overruled appellant's objections to and adopted the magistrate's decision.

{¶6}   Appellant appeals the August 16, 2013 judgment entry of the Stark County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶7}   "I. THE JUVENILE COURT LACKED JURISDICTION TO PROCEED UPON THE COMPLAINT FOR CHILD SUPPORT FILED IN STARK COUNTY, OHIO DUE TO THE MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES THEN PENDING IN SUMMIT COUNTY, OHIO, BY VIRTUE OF THE JURISDICTIONAL PRIORITY RULE.

{¶8}   "II. THE JUVENILE COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO DISMISS THE ACTION FOR CHILD SUPPORT AS COMMENCED IN STARK COUNTY WHERE THE ACTION PENDING IN SUMMIT COUNTY PRESENTED PART OF THE "WHOLE ISSUE" OF PARENTAL RIGHTS AND

RESPONSIBILITIES, WITHIN THE PURVIEW OF THE JURISDICTIONAL PRIORITY RULE.

{¶9} "III. THE DECISION OF THE COURT BELOW IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE HEARING ON OBJECTIONS TO THE MAGISTRATE'S DECISION."

I, II, III

{¶10} In his three assignments of error, appellant argues that the trial court erred as a matter of law and/or the trial court's decision is against the manifest weight of the evidence because the trial court was incorrect when it determined it had jurisdiction to consider the complaint for child support despite to the pendency of the open case in Summit County and the application of the jurisdictional priority rule. Appellant contends the jurisdictional priority rule applies in this case because the parties are identical and the actions are part of the "whole issue" of parental rights.

{¶11} The issue of a court's jurisdiction presents an issue of law. *Dazey v. Pollock*, 5th Dist. Stark No. 2006 CA 00064, 2006-Ohio-4850. An appellate court reviews such legal determinations de novo without any deference to the conclusion of the trial court. *Id.* Appellant also makes a manifest weight of the evidence argument. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. *Cross Truck Equip. Co. v. The Joseph A. Jeffries Co.*, 5th Dist. No. CA5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest

weight of the evidence.  *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶12}  R.C. 2151.23(A)(11) states that the juvenile court has jurisdiction "to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115 of the Revised Code."  R.C. 3111.29 provides that a custodian of the child "may file a complaint pursuant to section 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under section 2101.22 or 2301.03 of the Revised Code of the county in which the child or the guardian or legal custodian of the child resides * * *."

{¶13} The jurisdictional priority rule states: "[A]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties."  *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54, 476 N.E.2d 1060 (1985).  The jurisdictional priority rule applies if the suits present part of the same "whole issue." *State ex rel. Otten v. Henderson,* 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809. To determine whether the two cases involve the same "whole issue," the court must follow a two-part analysis.  *Id.*  "First, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties; and, second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." *Holmes*

*Co. Board of Commissioners v. McDowell*, 5th Dist. Holmes No. 05CA007, 2006-Ohio-5017. If this test is satisfied, the court whose power was later invoked should dismiss the claims for lack of jurisdiction. *Id.*

{¶14} We find that the parties involved in the instant action are substantially similar to the parties in the Summit County case. However, we find that the second portion of the test for jurisdictional priority is not met in this case. Unlike in a case where a court establishes or makes a ruling with regards to child support and then a custodian or guardian subsequently attempts to file a child support complaint in another county, in this case, the trial court in the Summit County case has not issued any orders of child support or dependent health insurance, and has never exercised any jurisdiction over child support. See *Dazey v. Pollock*, 5th Dist. Stark No. 2006 CA 00064, 2006-Ohio-4850.

{¶15} The complaint and various motions filed in the Summit County case deal exclusively with a child custody determination, including legal custody, parenting time, or visitation with C.N., while this case, filed in Stark County because both the custodians and child live in Stark County, deals exclusively with child support and dependent insurance. Accordingly, an adjudication of the claims in Stark County for child support does not affect or interfere with the resolution of the custody and visitation issues before the court where suit was originally commenced in Summit County. As noted by appellees, if the trial court in the Summit County case grants custody of C.N. to appellant, that order immediately terminates the Stark County order of support. Therefore, the jurisdictional priority rule does not divest the Stark County Court of Common Pleas, Juvenile Division, of jurisdiction as to appellees' child support

complaint. Further, pursuant to R.C. 2151.23(A)(11) and R.C. 3111.29, Stark County has jurisdiction over appellees' complaint because both the custodians and C.N. reside in Stark County. Accordingly, we find the trial court did not err in overruling appellant's objections to the magistrate's decision as a matter of law with regards to the jurisdictional priority rule and that there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. Appellant's assignments of error are overruled.

{¶16} Based upon the foregoing, the August 16, 2013 judgment entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur