[Cite as *Thompson v. Lester*, 2018-Ohio-4298.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maurice A. Thompson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-898 |
| v. | : | (C.P.C. No. 16CV-7574) |
| Robert and Wendee Lester et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 23, 2018

**On brief:** *Maurice A. Thompson*, pro se. **Argued:** *Maurice A. Thompson.*

**On brief:** *Hallowes & Ebbeskotte, LLC, Donald B. Hallowes, Joshua D. DiYanni*, and *Chris Chapman*, for appellees. **Argued:** *Donald B. Hallowes.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Maurice A. Thompson, appeals from an order of the Franklin County Court of Common Pleas granting a motion for restitution filed by defendants-appellees, Robert Lester, Wendee Lester, and Equity Holding of Ohio, LLC (collectively "appellees"). For the reasons that follow, we reverse.

**I. Facts and Procedural History**

{¶ 2} On January 23, 2016, appellant and appellees entered into a loan agreement providing that appellant would loan $50,000 to appellees for a 120-day period and at the end of that period, on May 23, 2016, appellees would repay $55,000 to appellant. The loan agreement stated that a late fee of $100 per day would be assessed for each day after May 23, 2016 that full repayment had not been made, and appellees would pay any and all

costs and legal fees incurred by appellant in attempting to recover the amount due if payment was not made by May 23, 2016.

{¶ 3} On August 12, 2016, appellant filed a complaint in the court of common pleas alleging appellees had not repaid the loan and asserting claims for breach of contract and unjust enrichment. Appellant also sought declaratory judgment that appellees had breached the terms of the loan agreement and were obligated to pay the damages specified in the loan agreement. Appellees did not file an answer to the complaint, and the trial court granted default judgment against Equity Holding of Ohio, LLC, on December 16, 2016, and against Robert and Wendee Lester on February 21, 2017. In both default judgment entries, the court found appellees owed appellant the sum of $55,000, plus late fees of $100 per day from May 23, 2016, and costs. Appellant then commenced efforts to collect on the judgment through garnishment.

{¶ 4} On March 24, 2017, appellees filed a motion for relief from judgment, pursuant to Civ.R. 60(B), asserting the $100 per day late payment clause in the loan agreement was an unenforceable penalty rather than a valid liquidated damages clause. Appellees further argued they were entitled to relief from judgment because their failure to answer the complaint was due to excusable neglect, asserting they were in settlement negotiations with appellant at the time and believed the lawsuit was on hold. On March 28, 2017, appellant filed a notice of partial payment, asserting he had been paid $45,000 and was still owed $40,800 on the outstanding balance of the loan and liquidated damages.

{¶ 5} On April 21, 2017, at 11:32 a.m., appellant filed a notice of satisfaction of judgment, asserting he had received payment in full and discharged his claims against appellees. Thirteen minutes later, at 11:45 a.m. on April 21, 2017, the clerk of courts docketed a decision and entry by the trial court granting appellees' motion for relief from judgment and modifying its February 21, 2017 default judgment entry. In that decision, the court held the $100 per day late fee was egregious and should not have been awarded. Therefore, the court modified the February 21, 2017 default judgment entry to provide for damages of $55,000 plus statutory interest from May 23, 2016, and costs.

{¶ 6} Appellant filed a motion to vacate the trial court's decision granting appellees' motion for relief from judgment, asserting the case was moot at the time that judgment was entered due to his filing of the satisfaction of judgment. Appellant also claimed appellees

deceived the court regarding the governing law related to per diem liquidated damages clauses. The trial court issued a decision denying appellant's motion to vacate and reiterating its holding that the $100 per day late fee contained in the loan agreement was egregious.

{¶ 7} On October 17, 2017, appellees moved for an order of restitution against appellant, asserting they were entitled to recover the amount they had overpaid pursuant to the court's original default judgment decisions, which appellees asserted to be $29,027.40. Appellant filed a memorandum in opposition, arguing the court lacked jurisdiction because the parties had settled the case and a satisfaction of judgment had been filed and, alternatively, that appellees' claim for restitution should be denied. On November 21, 2017, the trial court issued a decision granting appellees' motion for restitution, holding appellant collected more from appellees than he was legally entitled to due to a mistake by the court that was corrected in its April 21, 2017 decision. The court ordered appellant repay appellees $29,027.40. On November 30, 2017, the trial court issued an amended entry ordering appellant to repay appellees $29,027.40, plus interest from November 21, 2017, at the statutory rate.

## II. Assignments of error

{¶ 8} Thompson appeals and assigns the following four assignments of error for our review:

> [1.] The Trial Court erred in continuing to exercise jurisdiction subsequent to the parties' settlement and Notice of Satisfaction of Judgment.
>
> [2.] The Trial Court erred in failing to enforce the plain language of the liquidated damages clause contained in the parties' contract, and further, failing to account for any liquidate [sic] damages whatsoever.
>
> [3.] The Trial Court erred in failing to enforce the plain language of the attorneys fees reimbursement clause contained in the parties' contract so as to award attorneys fees to Plaintiff.
>
> [4.] The Trial Court erred in granting Defendants' Motion for Restitution and ordering Plaintiffs to pay Defendants $29,027.40.ordering Plaintiffs to pay Defendants $29,027.40. [sic]

### III. Analysis

{¶ 9}   We begin by considering a jurisdictional issue regarding the timeliness of the present appeal.  Appellees assert appellant's first, second, and third assignments of error are time barred, pursuant App.R. 4, because he did not file the notice of appeal within 30 days of the trial court's April 21, 2017 decision.  In response, appellant argues he was not required to file his appeal within 30 days of the April 21, 2017 decision because that decision did not resolve his claim for attorney fees.  App.R. 4(A)(1) states an appeal from an order that is final upon entry must be filed within 30 days of entry of the order.  Appellant filed his notice of appeal on December 20, 2017, nearly 8 months after the April 21, 2017 decision.  Accordingly, if the April 21, 2017 decision was a final, appealable order, appellant's appeal would be untimely under App.R. 4(A)(1).

{¶ 10}  A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Eng. Excellence, Inc. v. Northland Assocs., LLC*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. Civ.R. 54(B) provides that where there are multiple claims or parties, a court may enter final judgment as to one or more but fewer than all claims or parties only on an express determination that there is no just reason for delay.

{¶ 11}  "When attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order."  *Internatl. Brotherhood Elec. Workers, Local Union No. 8 v. Vaughn Industries, LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, paragraph two of the syllabus.  In this case, appellant requested attorney fees in his original complaint. The trial court's April 21, 2017 decision did not resolve appellant's attorney fee claim.  That decision modified the court's prior default judgment entry to eliminate the $100 per day late fee as part of appellant's damages but did not expressly address his attorney fee claim.  Moreover, the April 21, 2017 decision did not contain "no just reason for delay" language pursuant to Civ.R. 54(B).  By contrast, the court's November 30, 2017 order, from which appellant took the present appeal, expressly provided that it was a final, appealable order and there was no just cause for delay. Thus, because the April 21, 2017 decision was not a final, appealable order, the present appeal is not untimely pursuant to App.R. 4.  *See Jack Maxton Chevrolet, Inc. v.*

*Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 9 (holding that default judgment entry was not a final, appealable order because it did not resolve the plaintiff's attorney fee claim and did not include Civ.R. 54(B) language).

{¶ 12} Appellant asserts in his first assignment of error the trial court erred by continuing to exercise jurisdiction over the matter after appellees provided funds to settle the default judgment and appellant filed a notice of satisfaction of judgment. Appellant argues appellees voluntarily provided funds to settle the February 21, 2017 default judgment and that this resolved the matter before the trial court issued its April 21, 2017 decision.

{¶ 13} The Supreme Court of Ohio has held " '[w]here the court rendering judgment has jurisdiction of the subject matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' " *Rauch v. Noble*, 169 Ohio St. 314, 316 (1959), quoting *Lynch v. Bd. of Edn. of City School Dist. of Lakewood*, 116 Ohio St. 361 (1927), paragraph three of syllabus. *See also Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990) (quoting *Rauch* and affirming court of appeals decision dismissing appeal because appellant signed satisfaction of judgment and received funds released from escrow after filing appeal). Appellees do not dispute that the trial court had jurisdiction in this case, and there is no claim of fraud. Thus, if appellees voluntarily paid the default judgment the payment terminated the controversy and their right to seek relief from the judgment.

{¶ 14} "Courts have stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment being satisfied." *Kevin O'Brien & Assocs. v. Baum*, 10th Dist. No. 03AP-1010, 2004-Ohio-2713, ¶ 8. Appellees assert their payments to appellant were involuntary and did not constitute a settlement of the default judgment. Appellees claim they only made payments to appellant after multiple collection attempts, and assert the payments were only made to prevent further collection actions by appellant. This court has previously rejected similar arguments that payments made to avoid post-judgment collection actions are involuntary. *See Premier Bank & Trust v. A-2-Z Servs., Inc.*, 10th Dist. No. 02AP-226, 2002-Ohio-4897, ¶ 9-11. In *Premier Bank*, defendant Wells was held liable on a promissory note pursuant to

a confession of judgment/warrant of attorney clause. *Id.* at ¶ 2. After garnishment proceedings began, Wells filed a motion for relief from judgment and a motion for stay. *Id.* at ¶ 4. Ultimately, Wells' motion for relief from judgment was denied. *Id.* at ¶ 5. The plaintiff resumed proceedings to execute the judgment and Wells filed a notice of appeal from the denial of his motion for relief from judgment. While that appeal was pending, Wells paid the plaintiff the remaining amount due on the judgment. *Id.* at ¶ 6. The plaintiff then moved to dismiss the appeal as moot. *Id.* at ¶ 7. While acknowledging Wells' claims that he paid the judgment "for financial reasons, to avoid further collection actions, for reasons relating to his credit, to avoid accrual of further post-judgment interest and to avoid the 'embarrassment' of wage garnishment," the court concluded those reasons did not amount to a showing of lack of voluntariness. *Id.* at ¶ 9. The court held there was no evidence of coercion or duress by the plaintiff and that Wells' decision to pay the full amount remaining on the judgment based on his evaluation of the circumstances constituted a voluntary satisfaction of the judgment. *Id.* at ¶ 9-10.

{¶ 15} In the present case, following the February 21, 2017 default judgment entry, appellant sought to collect on the judgment through garnishment proceedings during early March 2017. Appellees subsequently paid appellant $86,000 in three installments: $12,200 on March 23, 2017, $45,000 on March 24, 2017, and $28,800 on March 31, 2017. The total payment amount is consistent with full payment of the February 21, 2017 default judgment—$55,000, plus late fees of $31,000 for 310 days between May 24, 2016 and March 30, 2017 at $100 per day. Correspondence between appellees' counsel and appellant during late March and mid-April 2017 indicates that the payments were made in exchange for ceasing collection efforts and that appellees agreed to the filing of a notice of satisfaction of judgment. It appears the filing of the notice of satisfaction was delayed because appellant had discharged his counsel and there was confusion as to whether appellees' counsel could file the notice of satisfaction on his behalf. Although appellees filed their motion for relief from the February 21, 2017 default judgment on March 24, 2017, the record does not contain any indication appellees sought a stay of execution of the default judgment order. Thus, as in *Premier Bank*, although appellees made payment on the default judgment to avoid further collection attempts by appellant, that does not render their payment involuntary. *Premier Bank* at ¶ 9-10. *See also Baum* at ¶ 10 (dismissing appeal as moot

where the appellant failed to obtain a stay of execution and default judgment was paid pursuant to sale of the appellant's property via lien attached to the property).

{¶ 16} Under the circumstances in this case, appellees' voluntary payment of the default judgment without seeking a stay of execution of that judgment rendered their motion for relief from that judgment moot. *Rauch* at 316; *Blodgett* at 245. The notice of satisfaction of judgment, filed prior to the trial court's decision granting the motion for relief from judgment, served to advise the trial court that the judgment had been voluntarily paid by appellees. Therefore, the trial court erred by granting appellees' motion for relief from the default judgment order.

{¶ 17} Accordingly, we sustain appellant's first assignment of error.

{¶ 18} Appellant asserts in his fourth assignment of error the trial court erred by granting appellees' motion for restitution and ordering him to repay $29,027.40 to appellees. As explained above, the trial court erred by granting appellees' motion for relief from judgment after appellees voluntarily paid appellant the amount ordered under the default judgment and did not seek a stay of execution of the default judgment order. Appellees' motion for restitution was based on the court's grant of the motion for relief from judgment and modification of the amount due under the default judgment order. Because the trial court erred by granting the motion for relief from judgment and modifying the default judgment order, no award of restitution should have been made. Thus, the trial court erred by granting appellees' motion for restitution based on the modification of the default judgment order.

{¶ 19} Accordingly, we sustain appellant's fourth assignment of error.

{¶ 20} Appellant asserts in his second and third assignments of error the trial court erred in failing to enforce the plain language of the loan agreement. Because we conclude the trial court erred by granting appellees' motion for relief from the default judgment order and appellees' motion for restitution based on the trial court's modification of the default judgment order, appellant's second and third assignments of error are rendered moot.

## IV. Conclusion

{¶ 21} For the foregoing reasons, we sustain appellant's first and fourth assignments of error and his second and third assignments of error are rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas and this cause is remanded to

that court with instructions to vacate its November 30, 2017 amended entry and November 21, 2017 decision granting appellees' motion for restitution and its April 21, 2017 decision granting appellees' motion for relief from judgment and modifying the court's February 21, 2017 default judgment entry.

*Judgment reversed;*
*cause remanded with instructions.*

BRUNNER and HORTON, JJ., concur.