[Cite as *King v. King*, 2021-Ohio-2117.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Denise F. King, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-225 |
| v. | : | (C.P.C. No. 03DR-3187) |
| George R. King, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 24, 2021

**On brief:** *Cope Law Offices* and *John M. Cope,* for appellee.
**Argued:** *John M. Cope.*

**On brief:** *Grossman Law Offices* and *John H. Cousins, IV,* for
appellant. **Argued:** *John H. Cousins, IV.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

NELSON, J.

{¶ 1} This divorce case has a long and seemingly unpleasant history, stretching back the better part of two decades. But litigation matters appear to be winding down; virtually all of the conceivable issues now have been exhausted. What comes before us here is mainly a question of $19,000 in attorney fees as ordered by the trial court primarily with regard to defendant-appellant George "Roger" King's last (largely) unsuccessful appeal and his failed effort to gain Supreme Court review. And, without requesting a stay for that order, Mr. King already has paid that sum to his former wife, plaintiff-appellee Denise F. King.

{¶ 2} Roger King does not seriously contest the particular amount of fees as determined by the trial court. Rather, he argues principally that after the trial court issued a May 6, 2019 Decision and Entry purporting to correct a "typographical error" that had

been identified in this court's remand, accompanied by a "tie off" sheet indicating that Denise King's March 7, 2019 motion to enforce the to-be-clarified order as upheld and for fees and expenses was "GRANTED" (but with no analysis of what was to be enforced and no money amount then specified), it lacked jurisdiction to rule further on that motion (as later supplemented). As explained below, we find that nothing in the trial court's May 6, 2019 clarifying order (and its ostensible if incomplete and unexplained grant of the pending enforcement and fee request) divested the trial court of jurisdiction to issue its March 18, 2020 decision that analyzed the enforcement and fee issues and specified the amount owed. Tangentially to that determination, we also find that Mr. King is precluded at this point from contesting or relitigating the statutory interest on former support arrearages that was at issue in his last appeal and that by his own account he paid (again without request for a stay) in September 2019. *See* Appellant's Brief at 5-6; September 4, 2019 Notice of Delivery [of check by Roger King].

{¶ 3} Most of the necessary chronology relevant to this appeal dates back only to our court's February 28, 2019 decision that affirmed (at least in almost every respect and albeit with a remand) a trial court order that had issued February 2, 2018. *See King v. King*, 10th Dist. No. 18AP-84, 2019-Ohio-722, ¶ 18, 32. Among other things, our earlier decision upheld a trial court finding of contempt against Roger King and also upheld an award against him of $20,000 in attorney fees (a fee award separate and distinct from the fee award now at issue).

{¶ 4} Significantly for the current context, we also found that a trial court magistrate's order from *May 11, 2016* "clearly indicated Roger still owed the sums for past spousal support that he did not pay pursuant to the terms of the agreement * * * [because] the parties' agreements in the several years of e-mails did not serve to modify the total spousal support owed." *Id.* at ¶ 27. That is, "[a]fter the [May 11,] 2016 decision, Roger no longer had the same 'good faith' defense to the failure to pay the full amount of spousal support as ordered, as the magistrate made clear in the * * * decision that he still owed the full amount of support." *Id.* at ¶ 31.

{¶ 5} We did question, therefore, a line in the trial court's 2018 order directing that Mr. King "pay statutory interest on the arrearage from *May 11, 2014* * * *." *Id.* at ¶ 29 (emphasis added). Rather, we said, "[w]e believe the date of May 11, 2014 is a typographical

error, and was meant to be May 11, 2016, the date of the magistrate's decision." *Id.* But we could not be "certain" of that trial court intent, and ruled that "to the extent the trial court's judgment needs [to be] clarified/corrected to reflect the date from which statutory interest must be paid," one assignment of error was sustained. *Id.* Therefore, we underscored: "We remand the matter to clarify/correct the possible typographical error discussed under Roger's first assignment of error, and affirm the judgment of the [trial court] in all other respects." *Id.* at ¶ 32. A Judgment Entry from this court entered the same day as the decision recited that "the judgment [of the trial court] is affirmed and this matter is remanded to that court." February 28, 2019 Judgment Entry at 1.

{¶ 6} After we returned the case to the trial court, and among other events:

- On March 7, 2019, Denise King filed with the trial court a "Motion for Enforcement * * * of Judge Browne's [largely upheld] Order of 2/2/2018 and for Fees and Expenses" (capitalizations adjusted). Beyond requesting enforcement of the earlier orders relating to spousal support, interest (which had not been paid at all, the motion asserted), and earlier attorney fees, the motion also requested "an Order for fees [Denise King] has incurred in this matter since the last hearing before the Trial Court on or about August 29, 2017." The matter promptly was set for a hearing to be held on April 17, 2019.

- On April 10, 2019, Denise King filed a "Supplemental Memorandum" in support of her March 7, 2019 motion. That memorandum specified that Denise King was requesting "additional attorney fees and expenses in the amount of $17,100.00 for the fees and expenses since the last submission of fees just prior to the hearing of August 29, 2017 * * *." *Id.* at 2. The detail provided at Memorandum Exhibit C showed attorney fees invoiced and paid in most months from February 2018 (the month of the order upheld on the appeal discussed above) through October 2018 and in March of 2019. The memorandum supporting the motion also purported to compute statutory interest due (a matter that would hinge on the trial court's determination on remand of the proper accrual date).

- On April 15, 2019 (two days before the scheduled hearing on Denise King's pending motion), Roger King

appealed this court's decision to the Supreme Court of Ohio. His Notice of Appeal there was filed in the trial court on April 18th. (The Supreme Court declined jurisdiction on June 26, 2019.)

• On April 16, 2019 Denise King apprised the trial court of Roger King's Supreme Court filing, and further noted that no stay of either this court's ruling or the trial court's (largely affirmed) February 2, 2018 order had been requested. Denise King's lawyer also provided an affidavit supporting the $17,100 figure from the April 10, 2019 "Supplemental Memorandum."

• Also on April 16, 2019, Roger King filed what he styled a "Memorandum in Opposition to Plaintiff's Motion to Enforce Judgment" (capitalizations adjusted), while not referencing the "Fees and Expenses" portion of that Denise King March 7, 2019 motion. Roger King's memorandum argued both that the trial court could not entertain the motion during the pendency of his Supreme Court appeal, and that the motion was "not ripe for review" because the trial court first had to correct its February 2, 2018 order: "Only after this Court follows the Tenth District's remand instruction can Plaintiff seek enforcement of anything," Roger King contended. *Id.* at 3. The scheduled motion hearing did not go forward the next day.

• On May 6, 2019, the trial court issued a Decision and Entry on the "matter [that] now comes before the Court upon remand[.]" The trial court prefaced the entry by saying: "The Court of Appeals sustained Defendant's First assignment of error regarding a typographical error and remanded the case for correction of said error. The typographical error has been corrected herein, and this Court's February 2, 2018 Decision and Entry has been otherwise reproduced in its entirety below." May 6, 2019 Decision and Entry at 1. The decision as otherwise affirmed, now including the May 11, 2016 date as the start of the statutory interest period, confirmed that the defendant had been found in contempt (with a ten day jail term suspended on the condition of compliance) and repeated too the 2018 orders on liquidation of spousal support and payment of the earlier attorney fees. *Id.* at 14. The body of the decision did not purport to address Denise King's March 7, 2019 motion for enforcement

and fees, as supplemented. The Decision and Entry was accompanied, however, by a "Court Disposition" document providing "Motion Tie Off Information" and saying of the March 7, 2019 motion: "MOTION GRANTED." The document specified no money amount for the fees portion of that award, nor did it specify what was being enforced or to what effect.

- On August 28, 2019, Denise King filed a "2d Supplemental Memorandum in Support of Plaintiff's Motion for Enforcement * * * and for Fees and Expenses" (capitalizations adjusted). Among other things, she again advised the court that statutory interest payments mandated in the February 2018 order as corrected in the May 6, 2019 entry had not been made, and she submitted an accountant's affidavit setting out interest payments owed. She also repeated that among her requests, she was seeking "additional attorney fees for * * * all time and expenses since this court last considered the awarding of fees and expenses." *Id.* at 2. An affidavit from her lawyer filed September 3, 2019 updated the figure requested to $29,410, broken down as: $6,762.50 for work to enforce the 2018 order that generated the earlier appeal (an order "resulting from" an 8/29/17 hearing); $15,795 for work on that appeal; and $6,852.50 "for work defending the motion to the Supreme Court of Ohio."

- On September 4, 2019, Roger King filed a memorandum in which he argued that there was no motion to be considered. "As the tie-off page of the May 6, 2019 motion [sic] makes clear, Denise's March 7, 2019 motion was granted. If this was an inadvertent clerical error, the fact remains that any motions pending at the time of a final judgment are 'deemed overruled.' " *Id.* at 3 (citations omitted). He further noted that res judicata would bar Denise King from seeking fees arising "before this Court issued its February 2, 2018 Decision and Entry" that had been the object of the earlier appeal, and then submitted that a "litigant cannot request appellate attorney fees for the first time after the appeal has concluded." *Id.* at 4.

{¶ 7} On March 18, 2020, the trial court issued the Decision and Entry that is the object of Roger King's current appeal. That decision began by noting that the matter had

come before the trial court "on September 4 and 6, 2019 upon Plaintiff's March 7, 2019 Motion for Enforcement * * * and for Fees and Expenses, and Defendant's April 16, 2019 Memorandum in Opposition to Plaintiff's Motion to Enforce Judgment."  March 18 Decision and Entry at 1 (also noting Denise King's supplements and exhibits and Roger King's further Memorandum in Response).  It concluded by ordering that Roger King pay Denise King $19,000 of the additional $29,410 attorney fees she had sought, and by finding (on a question not directly at issue before us here) that Roger King had sufficiently "complied with the Court's previous orders [so as to] purge the contempt finding" of February 2, 2018 as reiterated in the order of May 6, 2019.  *Id.* at 13.

{¶ 8}  Along the way, the trial court outlined some of the procedural history recited above, and characterized its May 6, 2019 Decision and Entry as correcting an "obvious" typographical error "and otherwise reproducing in its entirety the February 2018 Entry." March 18, 2020 Decision and Entry at 2.  The trial court further stated that the contemporaneous Court Disposition purporting to grant and "tie off" Denise King's March 7, 2019 motion for enforcement and fees and expenses (while establishing no money amount due her) had been a "clerical error" (and therefore was, in effect, at least premature); that motion, the trial court said, "is not tied off and is properly before this Court."  *Id.* at 4.  Additionally, the trial court wrote, "in following the remand instruction, this Court did not dispose of, or render moot the pending motion * * *."  It purported to amend the motion "tie off" and grant from the May 6, 2019 Decision and Entry pursuant to Civil Rule 60(A) power to correct clerical error.  *Id.* at 4.  Denise King's "March 7, 2019 Motion for Enforcement and for Fees and Expenses is not tied off and is properly before this Court," it ruled:  "[I]n following the remand instruction, this Court did not dispose of, or render moot the pending motion * * *."  *Id.*

{¶ 9}  The trial court then found that while "technically late," Roger King eventually had paid all spousal support arrearages, and that Denise King had advised the court at the September 4, 2019 hearing that the final $710 of that obligation had been paid May 6, 2019. *Id.* at 5.  In August of 2019 (and within the time contemplated by the May 6, 2019 order), Roger King also paid the $20,000 amount of the earlier attorney fees.  *Id.* at 7-8.  And Roger King also had substantially complied with the trial court's orders regarding the payment of statutory interest, now recognized as accruing from May 11, 2016:  "On September 4, 2019,

Defendant filed with the Court a Notice of Delivery and an Acknowledgment of Receipt of Check signed by [counsel for Denise King] acknowledging that a check from Defendant made payable to Plaintiff for $15,093 was hand-delivered from Defendant's attorney on September 4, 2019," and that Denise King had advised the court that those funds now were available to her. *Id.* at 7. Roger King had argued "that pursuant to the May [6], 2019 Entry, he was given 120 days therefrom to pay the statutory interest," *id.* at 6; the trial court, while acknowledging that "the date from which interest was ordered to be paid was amended on remand," found that "that modified amount [had been] immediately due, either in full or * * * in monthly payments, following the journalization of the May 2019 Entry, not 4 months later," but concluded in light of subsequent history that Roger King's "payment of statutory interest amounts to substantial compliance" with that May 2019 order. *Id.* at 6-7.

{¶ 10} Turning to Denise King's attorney fee request from March 7, 2019 as later supplemented, the trial court properly declined to award any (of the relatively small amount) of the fees claimed for legal work done before issuance of the trial court's February 2, 2018 order that was the object of the earlier appeal here. *Id.* at 10 ("However, insofar as Plaintiff requests fees for work done to enforce the Court's [2018] Order, the Court will consider such a request."). The trial court concerned itself primarily with the $15,795 in fees that Denise King sought for work in connection with the appeal that had affirmed the December 2018 order (with a remand to the trial court), and with the $6,852.50 bill that Denise King submitted she incurred in connection with Roger King's unsuccessful attempt to gain Supreme Court review. The trial court observed that Denise King "filed her motion for appellate attorney's fees after the appeal was remanded," and that she "was certainly the more successful party in the appellate action." *Id.* at 11. Moreover, "[b]ecause the Ohio Supreme Court declined jurisdiction, Plaintiff properly moved this Court for fees sought from her attorney's work at that level." *Id.* at 12. In making its $19,000 fee award, the trial court found that "equity dictates when one party mounts a years-long legal battle to avoid paying sums rightly due and owing to the opposing party and continues to be *unsuccessful* at each stage of the proceeding whilst forcing the other party to defend (*and expend*) at the trial court, appellate court and supreme court levels – an award of attorney's fees is fair and appropriate." *Id.* at 12 (emphasis in original).

{¶ 11} Roger King presents us with two assignments of error:

[1.] The trial court erred, abused its discretion, and acted without jurisdiction by sua sponte 'reactivat[ing]' appellee's March 7, 2019 motion and ordering appellant to pay an additional $19,000 in attorney fees and expenses.

[2.] Alternatively, if the trial court had jurisdiction to issue its March 18, 2020 judgment, the trial court erred in its interlocutory decision and entry filed on May 6, 2019.

Appellant's Brief at v (capitalizations adjusted).

{¶ 12} Under his first assignment—and in some tension, perhaps, with his argument to the trial court that Denise King's motion for enforcement and fees would not be "ripe" until the trial court had corrected its February 2, 2018 order pursuant to the remand, *see* April 16, 2019 Memorandum in Opposition at 3—Roger King submits that the trial court had ended the case with its May 6, 2019 Decision and Entry and that it could not use Civ.R. 60(A) to adjust or revisit its "GRANT[]" of Denise King's motion for enforcement and fees. Appellant's Brief at 7 ("The trial court lacked jurisdiction to enter its March 18, 2020 *Decision and Entry*, and it erred by relying on Civ.R. 60(A)" in purporting to reanimate a closed case). We evaluate his jurisdictional argument afresh, under the de novo standard of review. *Slaughter v. Slaughter*, 10th Dist. No. 11AP-997, 2012-Ohio-3973, ¶ 14 (noting the issue of a domestic relations jurisdiction is a question of law reviewed de novo on appeal).

{¶ 13} Roger King notes that Denise King's March 7, 2019 motion for enforcement and fees (as supplemented twice in April 2019 before being supplemented again on August 28, 2019 in advance of the September hearing) was indeed pending while the trial court was considering this court's remand to it of the trial court's earlier post-decree order. *See* Appellant's Brief at 2-3. Roger King further observes that "Denise's March 7, 2019 motion sought [among other things] to enforce the February 2, 2018 entry [that] was the subject of the remand order [addressed by the trial court's May 6, 2019 entry]." *Id.* at 9. And he postulates that the "tie off page" indicating a grant of Denise King's March 7, 2019 motion was part of the May 6, 2019 entry. *Id.* at 9-10.

{¶ 14} Significantly, Roger stipulates to us: "[T]he tie-off page of the May 6, 2019 entry made clear, the trial court had *granted* Denise's March 7, 2019 motion." Appellant's Brief at 9-10 (emphasis added). Any suggestion by the trial court's March 18, 2020 Decision and Entry that that particular page of the May 2019 entry was designed in fact to defer ruling on Denise King's March 7, 2019 motion for enforcement and fees—a motion made "**before this Court's remand was carried out**," Roger King emphasizes, Appellant's Brief at 2 (emphasis in original)—accomplished not the correction of a clerical error " 'apparent on the record,' " Roger contends, but instead worked a "substantive change" " 'where the court changes its mind, either because it made a legal or factual mistake in making its original thought, [or because on second thought] it has decided to exercise its discretion in a different manner.' " *Id.* at 8-9 (citations omitted).

{¶ 15} But *if* the record does not adequately reflect that the "MOTION GRANTED" language was intended to indicate that the trial court was keeping the motion for fees and expenses before it, consistent with the sequence that Roger himself had counseled, and *if* as Roger asserts Civ.R. 60(A) did not authorize any such re-write, then the "GRANTED" language would remain. And in that event, having "made clear" (in the words of Roger's brief) that the motion was granted, the trial court would be required to say what was being enforced and what fees were being granted and in what amounts. It did so, in its March 18, 2020 decision.

{¶ 16} Roger also argues, in the alternative, that " '[w]hen a trial court does not expressly rule upon a motion, it is deemed denied' " upon final judgment. Appellant's Brief at 10 (citations omitted). We fail to see, however, how an express (if unexplained and unspecific) grant somehow can be deemed an implied denial. And we note again that the March 7, 2019 motion was inextricably linked with the pending remand issue. Denise sought enforcement of the order on statutory interest, and that calculation would depend on the interest accrual date to be supplied by the trial court pursuant to this court's instruction.

{¶ 17} Roger devotes the bulk of his argument to urging that Civil Rule 60(A) did not permit the trial court to amend its language that the motion was "GRANTED" and the case concluded. *See* Appellant's Brief at 8-10 (distilled at page 9 into the assertion that "there was no clerical error justifying the trial court's March 18, 2020 Decision and Entry,

and it was not 'apparent from the record' that the trial court needed to correct its May 6, 2019 entry"). But that language purporting to grant Denise King's March 7, 2019 motion for enforcement and fees (without specifics and without a Civil Rule 54(B) "no just cause for delay" certification) was incomplete on its face. As we observed in dismissing an appeal for that reason in *Clarke v. Royal*, 10th Dist. 19AP-74 (April 2, 2019 Journal Entry of Dismissal): "Here, the trial court's judgment left the amount of attorney fees to be awarded to [the party] unresolved, and the judgment does not include Civ.R. 54(B) language." *Compare also, e.g., Taylor v. Johnson*, 1993 Ohio App. Lexis 3176, *5-6 (8th Dist.1993) ("the trial court awarded attorney's fees, but failed to specify the amount awarded for attorney's fees, which leaves that issue undetermined under Civ.R. 54(B). * * * * Thus, there [is] no final appealable order in this case").

{¶ 18} Thus we do not accept the main premise of Roger King's argument—that the trial court's May 6, 2019 entry with its "tie off" language (which he says was unalterable) fully disposed of the motion it both acknowledged and purported to grant, so that "[b]y the time of its March 18, 2020 entry, there was no motion pending," Appellant's Brief at 9. *Compare, e.g., Niehaus v. The Columbus Maennerchor*, 10th Dist. No. 07AP-1024, 2008-Ohio-4067, ¶ 22-23 (while judgment " 'deferring final adjudication of a request for attorney fees is not a final appealable order' " absent Civ.R. 54(B) language, appeal may lie with 54(B) certification where merits decision might obviate issue and is otherwise warranted); *Shelton v. Eagles FOE Aerie 2232*, 2000 Ohio App. Lexis 604 (4th Dist.), * 3 (entry that "grants a default judgment on the issue of liability and sets the issues of damages for future hearing is not a final appealable order"); *Evanston Acquisitions, LLC v. STAG II Dayton, LLC*, 2nd Dist. No. 27480, 2017-Ohio-5755, ¶ 10 (where trial court "recognized [the] request for attorney fees, and granted it" but "did not specify the amount of attorney fees awarded," order was not final and appealable despite inclusion of 54(B) certification).

{¶ 19} Roger King's further arguments against the trial court's authority to issue its $19,000 attorney fee award also are unavailing here. First, he points out that "Denise sought appellate attorney fees dating back to August 2017 – six months before the trial court issued its February 2, 2018 *Decision and Entry*. *Res Judicata* barred her from requesting fees that she either did request or could have requested back then." Appellant's Brief at 10. But he told that to the trial court, and the trial court then did *not* award any

additional fees for any work done before the February 2, 2018 entry that we reviewed in the last appeal. *See* March 18, 2020 Decision and Entry at 10 (trial court explicitly limits its consideration of Denise King's fee request solely to fees for work done after issuance of the February 2, 2018 entry: "insofar as Plaintiff requests fees for work done to enforce the Court's Order, the Court will consider such a request"). Indeed, the fees now at issue arose largely from appellate work to defend that February 2, 2018 order, and by definition could not have arisen "before the trial court issued" that entry.

{¶ 20} Next, Roger King argues that "[a] litigant *cannot* request appellate attorney fees for the first time after the appeal has concluded." Appellant's Brief at 11 (emphasis in original). Understandably, perhaps, he provides no citation for this bald proposition, and the trial court properly rejected it under the circumstances of this case. *See* March 18, 2020 Decision and Entry at 10-11, citing, *inter alia, Lepowsky v. Lepowsky,* 7th Dist. No. 08 CO 10, 2010-Ohio-1544 (trial court erred in failing to consider post-remand motion for appellate attorney fees); *Rhoades v. Rhoades*, 1991 Ohio App. Lexis 1122, *4-5 (3d Dist.1991) (having regained jurisdiction by virtue of a motion to modify custody, trial court "had jurisdiction to award appellate attorney fees relating to the first appeal").

{¶ 21} The governing statute does not contain the restriction Roger proposes. It provides, in relevant part: "In any post-decree motion * * * that arises out of an action for divorce * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable," and it permits the trial court to consider the income and conduct of the parties in making that determination. R.C. 3105.73(B). The trial court was fully equipped to consider the appellate fees issue. *See, e.g., Buckingham v. Buckingham*, 2d Dist. No. 2017-CA-31, 2018-Ohio-2039, ¶ 100-13 (upholding trial court award of appellate fees under R.C. 3105.73(A) as not abuse of discretion where not unreasonable); *see also Evans v. Brown*, 34 Ohio App.3d 56, 57-58 (10th Dist.1986) (on remand with instruction to consider whether plaintiff's original motion for trial-level fees and expenses in a particular amount should be sustained, 23 Ohio App.3d 97 at 100, trial court did not err in awarding further fees for appellate services in this court and Supreme Court); c*ompare Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329 (under remedial statute on wrongfully withheld security deposits: "The trial court is in a better position to determine a fee award, for it may hold a hearing, take testimony,

create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award. There is no limiting language in the statute that precludes a trial court from considering fees incurred at the appellate level. Therefore," trial court may award appellate fees in that context). We have said that a "primary reason for awarding attorney fees for trial court proceedings is to ensure that a substantial portion of an award in a post-divorce decree action is not subsequently paid to the meritorious ex-spouse's attorney. Such an outcome would only injure those persons who were intended to receive the support necessary from a post-divorce decree award." *Evans* at 58. The same logic applies in the context of this case.

{¶ 22} We overrule the jurisdictional argument presented in Roger King's first assignment of error. Having determined that the trial court did have jurisdiction to issue its March 18, 2020 entry, we find that to any extent the first assignment means to question the trial court's fee award as unreasonable or inequitable and therefore an abuse of discretion, it is barred to us as moot. (We actually discern in Roger King's brief no such argument disputing that the post-decree motion fee award was equitable under R.C. 3105.73(B), apart perhaps from half a sentence observing that counsel for Denise King had filed one Tenth District brief and one Supreme Court memorandum. *See* Appellant's Brief at 10-11, with that sentence leading into a different argument.).

{¶ 23} Roger King tells us that he already has paid over to Denise King the $19,000 in attorney fees that are at issue in this appeal. *See, e.g.,* Appellant's Brief at 11 (asking that Denise "reimburse Roger for the $19,000 he has paid her while this appeal was pending"). He did so without seeking any stay of the effect of the trial court's March 18, 2020 Decision and Entry. But "[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990).

{¶ 24} As *Blodgett* further instructs and reiterated: " ' "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." ' " *Id.*, citing *Rauch v. Noble*, 169 Ohio St. 314, 316 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116

Ohio St. 361 (1927), paragraph three of the syllabus, further citation omitted. Cases cited in Roger King's May 18, 2021 motion for leave to submit supplemental authority are consistent with that principle in premising mootness on a requirement that the trial court judgment satisfied not be void. Here as discussed above the trial court did have jurisdiction, and Roger King's payment of the fees in controversy moots any abuse of discretion argument relating to those fees. *See also, e.g., Thompson v. Lester*, 10th Dist. No. 17AP-898, 2018-Ohio-4298, ¶ 16 ("Under the circumstances in this case, [one side's] voluntary payment of the default judgment without seeking a stay of execution of that judgment rendered their motion for relief from that judgment moot," citing *Rauch* and *Blodgett*).

{¶ 25} The same principle, based on other facts in the record, disposes of Roger King's second assignment of error. There, he argues in the alternative to his first assignment that if the trial court's May 6, 2019 Decision and Entry did not conclude the case, he can challenge it along with the March 18, 2020 judgment "under the appellate doctrine of merger." Appellant's Brief at 12. He does so by submitting that "the trial court erred and abused its discretion by using [the May 2019] entry to order statutory interest retroactive to the date of May 11, 2016." Appellant's Brief at 12. "There was no monetary judgment imposed on that day," he continues, "and it violates Roger's due process rights to pretend that there was." *Id.* Our earlier decision addressed why a May 11, 2016 calculation start date would make sense; more fundamentally, however, and in any event, Roger King already has paid the amount at issue on that score, too, again without seeking a stay.

{¶ 26} Denise King's request for enforcement of the trial court's order on statutory interest was part of her March 7, 2019 motion (made while the case was on remand to the trial court for a clarification of the date from which that interest was to run—a date that would determine the interest payment the motion sought to enforce. The trial court's entry of May 6, 2019 clarified that the start date for calculation of interest was to be May 11, 2016 (and, again, the "tie off" sheet purported to reflect the grant of Denise King's motion to enforce and for fees). Roger King tells us through counsel that "[i]mmediately after" the September 4, 2019 hearing on Denise King's motion, his lawyer "personally delivered the check [for statutory interest in the amount of $15,093] to Denise's attorney's office." Appellant's Brief at 5-6. The trial court, also and consistent with notices filed there, recited that "on September 6, 2019, Counsel for Plaintiff emailed this Court's Bailiff indicating that

as of that morning the funds from the interest check were available to Plaintiff in her bank account balance." March 18, 2020 Decision and Entry at 7. Because of that payment and in light of the history of the case, the trial court found "that Defendant's payment of statutory interest amounts to substantial compliance with the Court's purge order." *Id.* Roger King thus satisfied in 2019 the statutory interest order (as calculated from May 11, 2016) that his second assignment of error seeks to appeal.

{¶ 27} It is understandable that he did not at that point further contest the calculation start date: Our February 28, 2019 decision had explained that May 11, 2016 was the date on which the trial court, through a magistrate's decision, "clearly indicated" that despite certain defenses attempted by Roger, he "still owed the sums for past spousal support * * *." *King*, 2019-Ohio-722, ¶ 27. The "total spousal support owed" had not been modified, so the "magistrate went on to explain that the defenses of waiver and laches were unlikely to succeed in any future enforcement actions filed by Denise for past due spousal support sums * * *." *Id.* That is why Denise King's second motion for contempt, which came a month after that magistrate's ruling and "concerned Roger's failure to pay this total spousal support arrearage since the May 11, 2016 decision," was "distinct from" an earlier contempt motion and ruling and, we held, not governed by res judicata. *Id.* at ¶ 28. "After the 2016 decision, Roger no longer had the same 'good-faith' defense to the failure to pay the full amount of spousal support as ordered, as the magistrate made clear in the 2016 decision that he still owed the full amount of support." *Id.* at ¶ 31. Consequently, we suspected, but were "not certain" that the trial court had intended the accrual date for statutory interest to be May 11, 2016, not the May 11, 2014 date it had specified. *Id.* at ¶ 29.

{¶ 28} But even had we not already undertaken this exegesis, Roger King could not prevail on his second assignment of error. We overrule that assignment because he paid the statutory interest back in 2019 without attempting to gain a stay of the order that he do so. Any controversy over the interest start date is moot. *See Rauch, Boldgett,* and *Thompson, supra*.

{¶ 29} Although the sentiment may be belied by Roger King's request here to be "fully reimbursed" for $19,000 in attorney fees he already has paid voluntarily to Denise, and then to garner attorney fees of his own, Appellant's Brief at 7, and by his further, alternative request to get "a full refund of the $15,093 that Roger paid Denise in statutory

interest," *id.* at 13, Roger insists: "Enough is enough." Appellant's Brief at 7. With that statement, at least, few could disagree. Having overruled both of Roger King's assignments of error, we affirm (without remand) the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under the authority of the Ohio Constitution,
Article IV, Section 6(C).

_____